## AUTO OWNERS' PROTECTIVE EXCHANGE *v.* EDWARDS.

[No. 11,322.    Filed October 10, 1922.    Rehearing denied December 22, 1922.    Transfer denied March 17, 1925.]

1. PARTIES.—*Complaint subject to demurrer for defect of parties.*—Section 263 Burns 1914, §262 R. S. 1881, requires that all persons having an interest in the subject of an action be made parties, and in an action against an insurance company by the seller of the insured property, which had been sold on a conditional sale contract, the plaintiff alleging that his interest exceeded the amount of the policy, and that the purchaser had no interest whatever, thus presenting an issue between the seller and purchaser, which could not be determined without joining the purchaser, the latter was a necessary party, and a complaint by the seller alone would be subject to demurrer for defect of parties.    p. 561.

2. INSURANCE.—*Necessary parties to action by vendor on conditional sale contract.*—In an action by the vendor on an insurance policy taken out by the purchaser of the property on conditional sale, the purchaser is a necessary party where the complaint avers that he has no interest in the insurance, and that the vendor's interest exceeds the amount of the policy; hence a complaint by the vendor alone is demurrable for defect of parties.    p. 561.

3. INSURANCE.—*Performance of conditions by insured must be averred in complaint by another having interest in the property.*—In an action by the conditional seller of property on a policy taken out by the purchaser but insuring the vendor as his interest may appear, the complaint must aver that the insured has performed all the conditions of the policy to be performed by him, as this is necessary to the sufficiency of a complaint on any insurance policy, and the insurer can make any defense against the vendor that it could make against the insured.    p. 562.

4. INSURANCE.—*Subrogation of insurer to insured's rights when loss caused by third party's wrongful act.*—Where the tortious conduct of a third party is the cause of a loss within the terms of an insurance policy, upon payment of the loss, the insurer becomes subrogated, by operation of law, to whatever right the insured may have against the wrongdoer.    p. 563.

5. INSURANCE.—*Insured's settlement with wrongdoer causing loss reduces or destroys liability of insurer.*—Where a loss covered by an insurance policy is caused by the wrongful act of a third party, any payment of damages by such wrongdoer, before settlement with the insurer, reduces, by operation of law, the liability of the insurer to the extent of the payment,

and where the insured releases his right of action against the wrongdoer, before settlement with the insurer, the release destroys, by operation of law, his right of action on the policy. p. 563.

6. INSURANCE.—*Payment or tender of amount of loss not condition precedent to right of action against wrongdoer causing loss, after his settlement with insured.*—Where a loss under an insurance policy was occasioned by the wrongful act of a third party, and the insured has settled with and released his right of action against such wrongdoer, the insurer need not plead payment or tender as a condition precedent to its right to have the benefit of the settlement.  p. 563.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Benjamin Edwards against the Auto Owners' Protective Exchange of Kankakee, Illinois. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Greenlee, Call & Richardson,* for appellant.
*George P. Rose,* for appellee.

Statement by DAUSMAN, J.—The appellee instituted this action to recover on a policy of insurance issued by the appellant to one John Hecht. The following facts are averred in the amended complaint:

"That plaintiff was the owner of a certain Hudson touring car. On May 15, 1919, by virtue of a contract of conditional sale, the car was in the possession of John Hecht but the title was in the plaintiff; that on said day the policy was issued on the car to Hecht, and a rider was attached to the policy, which rider provided that loss, if any, shall be payable to Benjamin Edwards as his interest may appear, subject nevertheless to all the terms of the policy; that the automobile was destroyed by accident, resulting in a loss in the sum of $485; that plaintiff's interest in the automobile at the time of the loss was, and now is, in excess of the amount due on the policy, and that Hecht has no interest in any sum recoverable on the policy."

The policy, which was made a part of the complaint, contains the following provision:

"If the insurer shall claim that a loss under this policy was caused by the negligence of a third person, then on payment of the loss the insurer shall be subrogated, to the extent of the payment, to the right of the insured to recover from the wrongdoer; and thereupon said right shall be assigned in writing to the insurer by the insured, and the insurer shall have the right to bring an action in the name of the insured against the wrongdoer for the purpose of enforcing the claim."

A demurrer to the amended complaint on the grounds: (1) That there is a defect of parties; and (2) for insufficient facts, was overruled. The defendant filed an answer in six paragraphs, the first paragraph being the general denial. The plaintiff demurred to each affirmative paragraph of answer on the ground that each paragraph fails to state facts sufficient to constitute a cause of defense. This demurrer was sustained as to the fifth paragraph and overruled as to the others.

The fifth paragraph of answer contains the following averments: "That on June 8, 1919, the automobile, which was the subject of the insurance, was damaged by a collision with another automobile driven by one Curran; that the collision was due to the wrongful act of Curran; that on October 20, 1919, Curran paid to the insured, John Hecht, the sum of $500 in full settlement of the damages so occasioned to the automobile and thereupon Hecht released Curran from any right of action arising out of his negligence as aforesaid; that by the settlement between Hecht and Curran the insurer lost its right of subrogation against Curran; and that by the settlement Hecht was rendered powerless to assign in writing, to the insurer, the cause of

action which he had against Curran prior to the settlement, even if the insurer should pay the loss."

Trial resulted in a verdict for the plaintiff in the sum of $485, and judgment was rendered accordingly.

DAUSMAN, J., delivered the opinion of the court: The Code of Civil Procedure requires that: "All persons having an interest in the subject of the action, 1, 2. and in obtaining the relief demanded" shall be made parties. §263 Burns 1914, §262 R. S. 1881; see, also, 1 Watson's Revision Works' Practice, ch. 7. It must be noted that the complaint contains the averments that the plaintiff's interest in the property covered by the insurance exceeds the amount due on the policy; and that John Hecht has no interest whatever in any sum recoverable on the policy. Those averments state an issuable matter between the plaintiff and Hecht. Presumably Hecht is vitally interested in those averments, and on those averments, he has a legal right to be heard. On that feature, there can be no adjudication until Hecht has had his day in court. Whether or not Hecht has an interest in the insurance cannot be determined in an action to which he is not a party. It ought to be clear that if Edwards is permitted to maintain his action in spite of the objection presented by the demurrer to the complaint, then, by the same token, Hecht may bring an action on the policy without making Edwards a party and aver in his complaint that Edwards has no interest in the subject of the action. On that basis, the insurer may be subjected to the expense, annoyance and hazard of another action, notwithstanding the record in the case at bar. Under the decisions in this jurisdiction, Edwards had the right to institute his action as sole plaintiff; but, as against an objection properly presented, he could not rightfully maintain the action and prosecute it to final judgment

without making John Hecht a party. §344 Burns 1914, Acts 1911 p. 415; *Franklin Ins. Co.* v. *Wolff* (1899), 23 Ind. App. 549. The demurrer to the amended complaint should have been sustained on the ground that there is a defect of parties.

It should be noted also that it is averred in the amended complaint that Hecht acquired the automobile from Edwards by virtue of a contract of conditional sale. That averment means that Hecht became the equitable owner while Edwards retained the legal title. The rider attached to the policy does not make Edwards the insured. The contract of insurance continues to be a contract between the insurer and Hecht. The effect of the rider is to give Edwards an interest in the money which may become due on the policy in the event of loss, which interest may not exceed his interest in the property insured. In other words, it is a contract made by Hecht with the insurer for the benefit of Edwards to the extent of the latter's interest in the subject of the insurance. The policy continued to be an executory contract and recovery thereon is at all times subject to be defeated by the conduct of the insured. If Hecht has violated any material condition of the contract, or if he has failed to perform any of the conditions on his part to be performed, then neither he nor Edwards can recover. As mortgagee, Edwards might have procured insurance in his own right; but under the plan adopted, his right to recover depends on Hecht's right to recover. The duty rests on Edwards to show by the averments in his complaint that the insured has performed all the conditions of the contract on his part to be performed; for the insurer may make any defense against Edwards which it could make against Hecht. Because of the failure to aver full performance of the contract by the insured, the amended complaint does not state facts

sufficient to constitute a cause of action.  §376 Burns 1914, §370 R. S. 1881; 1 Watson's Revision Works' Practice §362.

The erroneous ruling on the demurrer to the amended complaint requires a reversal of the judgment; and since there must be a reformation of the issues, there is another question presented by the record which probably will arise again.  That question is, Did the court err in sustaining the demurrer to the fifth paragraph of the answer?

The general rule is that where the tortious conduct of a third party is the cause of a loss within the terms of a policy of insurance, then, upon payment of

4.   the loss, the insurer becomes subrogated by operation of law to whatever right the insured may have against the wrongdoer.  *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 87 N. E. 995; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, Ann. Cas. 1918A 828; 14 R. C. L. 1404, and cases there cited; 26 C. J. 455, and cases there cited; 37 Cyc 361.  The wisdom of that rule is apparent.  To permit the insured to receive payment from both the wrongdoer and the insurer would be to give him double compensation for his loss.  The wrongdoer cannot be permitted to shield himself on the theory that the loss is covered by insurance; for the contract of insurance was not made for his benefit.  Manifestly it would be unjust to compel the insurer to suffer the consequences of the wrongful act of another.

The provision of the policy requiring the insured to assign in writing his claim or cause of action against the wrongdoer gives the insured no greater right

5, 6.  with respect to subrogation than the law would confer if the contract were silent on that subject. By the terms of the contract, the insured is under no obligation to make the assignment until the insurer

has paid the indemnity. The utmost that the insurer can demand under the terms of the contract is that the assignment shall be made simultaneously with the payment of the indemnity. Since there is no averment in the fifth paragraph of the answer that the insurer has paid the indemnity, it follows in strict logic that it has acquired no right of subrogation. Nevertheless there must be a way to enforce the rights and liabilities of the parties as they existed at the time of the loss; for it would be folly to permit the beneficial purpose of the rule to be defeated merely because, in the matter of paying the loss, the wrongdoer went ahead of the insurer. There is, therefore, an additional and supplementary rule applicable to such cases. That rule is that any payment as damages received by the insured from the wrongdoer before settlement with the insurer, reduces, by operation of law, the liability of the insurer to the extent of the payment; and where the insured releases his right of action against the wrongdoer before settlement with the insurer, that release destroys, by operation of law, his right of action on the policy. *Insurance Co., etc.,* v. *Fidelity, etc., Co.* (1888), 123 Pa. St. 523, 16 Atl. 791, 10 Am. St. 546, 2 L. R. A. 586; *Packham* v. *German Fire Ins. Co.* (1900), 91 Md. 515, 46 Atl. 1066, 80 Am. St. 461, 50 L. R. A. 828; 26 C. J. 459, and authorities there cited; *Mobile Ins. Co.* v. *Columbia, etc., R. Co.* (1894), 41 S. C. 408, 19 S. E. 858, 44 Am. St. 725, and note thereto. If the stipulation concerning the assignment of the insured's claim against the wrongdoer be given its full significance, yet the insurer need not plead payment or tender as a condition precedent to its right to have the benefit of the settlement with the wrongdoer. To require the insurer's plea to aver payment or tender in order to entitle it to an empty assignment of an extinguished right, would be quite unreasonable.

It was error to sustain the demurrer to the fifth paragraph of the answer.

The judgment is reversed; and the trial court is directed to grant a new trial, to sustain the demurrer to the complaint, and to permit the parties to reform the pleadings.

McMahan, J., not participating.