## MAGNOLIA PIPE LINE CO. v. SECURITY UNION INS. CO.

### No. 2020.

Court of Civil Appeals of Texas. Beaumont. April 20, 1931.

Rehearing Denied April 29, 1931.

A. S. Hardwicke, of Dallas, and E. B. Pickett, Jr., of Liberty, for appellant.

Llewellyn & Dougherty, of Liberty, for appellee.

WALKER, J.

We take the following statement of the nature and result of this suit from appellant's brief:

"An automobile owned by J. L. Mapes, and insured by appellee, collided with a truck owned by appellant. The expense of having the car repaired was $777.03 (erroneously stated by appellant to be $770.03), which amount appellee paid to the concerns which performed labor and furnished parts necessary to repair the damage caused by the collision, the appellee being liable therefor under the policy it had issued to Mapes. Afterwards the appellee, claiming to be subrogated to the rights of Mapes against the appellant, to the extent of said payment, filed this suit to collect from appellant the amount which appellee had so paid on account and in behalf of said Mapes. Upon a jury finding that the collision was the result of appellant's negligence, the court rendered judgment against appellant for said amount of $777.03 (erroneously stated by appellant to be $770.-03). Motion for new trial was duly filed, and when overruled, notice of appeal was given, and thereafter, in due time, appeal bond was filed and this appeal was duly perfected. * * * In its petition the appellee alleged that under the terms of the policy issued by it to J. L. Mapes, appellee 'became obligated to pay, and did pay for the account of said J. L. Mapes the full amount of repairs necessary and proper to place said automobile, as nearly as possible, in as perfect condition as before the collision and damage', and that 'as provided in said policy plaintiff, by said payment, became subrogated to the rights of the said J. L. Mapes as against defendant Magnolia Pipe Line Company to the extent of said payment.' * * * The only provision in this policy relative to subrogation reads as follows: 'Subrogation. This Company may require from the assured an assignment of all rights of recovery against any party for loss or damage to the extent that payment therefor is made by this company.' No proof was offered to show that Mapes assigned to appellee any right of recovery he may have had against appellant for the damage caused to his car as a result of appellant's negligence. The repair bills were paid by appellee to the concerns which furnished the labor and material necessary for repairing the automobile."

### Opinion.

Against the judgment, appellant advances only one proposition, which is as follows: "It appears from all the evidence that appellee was not subrogated to any right of recovery which J. L. Mapes may have had against the appellant, as a result of the collision complained of in plaintiff's petition, since no equitable right of subrogation vested in appellee, and no proof was offered to show that Mapes assigned to plaintiff any right to prosecute this suit in his behalf or in its own behalf."

Appellant's proposition does not correctly state the law of the facts of this case. The correct rule is thus stated by Blashfield's Cyclopedia of Automobile Law, vol. 3, p. 2616: "The general rule is that, on payment of the loss under a policy, the insurer acquires the right to be subrogated pro tanto to any right of action which the insured may have against any third person whose wrongful act or neglect caused the loss, and, while such rule is frequently embodied in the policy, the insurer has such right without any express stipulation to that effect in the policy as a contract of indemnity."

The following authorities cited by Blashfield fully support his proposition: Maxwell Gravel Co. v. Fisher (Ind. App.) 151 N. E. 618; Auto Owners' Protective Exchange of Kankakee, Ill., v. Edwards, 82 Ind. App. 558, 136 N. E. 577; Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44, 111 N. E. 771; Buell v. United Firemen's Ins. Co., 167 Minn. 183, 208 N. W. 819; Allen & Arnink Auto Renting Co. v. United Traction Co., 91 Misc. Rep. 531, 154 N. Y. S. 934; Potomac Ins. Co. v. Nickson, 64 Utah, 395, 231 P. 445, 42 A. L. R. 128; Barnett v. London Assur. Corp., 138 Wash. 673, 245 P. 3, 46 A. L. R. 526; Platt v. Richmond, etc., R. Co., 108 N. Y. 358, 15 N. E. 393.

Blashfield sustains his proposition by the following argument: "To permit the insured to receive payment from both the wrongdoer and the insurer would be to give him double compensation for his loss, and the wrongdoer cannot be permitted to shield himself on the theory that the loss is covered by insurance, for the contract of insurance is not made for his benefit."

This argument has full support in Auto Owners' Protective Exchange of Kankakee, Ill., v. Edwards, 82 Ind. App. 558, 136 N. E. 577.

However, in our opinion the judgment has full support upon the terms of the policy it-

self. Appellee agreed to insure appellant's automobile for the cash consideration stipulated in the policy and for the further consideration also stipulated in the policy, as shown by appellant's statement, supra, "this company may require from the assured an assignment of all rights of recovery against any party for loss or damage to the extent that payment therefor is made by this company." It is true that no assignment was given by Mr. Mapes to appellee, but the failure to give the assignment did not destroy appellee's right to subrogation. The rule sustaining this proposition is thus stated in 25 R. C. L. p. 1620, § 8: "According to the great weight of authority, it is not essential to a complete legal subrogation that the one to whose rights another is subrogated shall make a formal assignment of securities or other rights to which the surety becomes entitled, even where subrogation is claimed to the original obligation itself. As soon as the right to subrogation arises, equity makes the assignment, and hence the right of the person entitled by no means depends on, or is affected by, the willingness or unwillingness of the creditor to transfer the security. This rule is based on the broad principle that equity regards as having been done that which ought to have been done."

Also in 26 C. J. p. 458, § 621, it is said: "To entitle the insurance company to assert its right by way of subrogation, no assignment of the claim against the third party liable to the insured is necessary, even though the statute or policy provides for an assignment, since the fact of the insurer paying the loss operates as an equitable assignment of the claim."

Judgment was correctly entered in favor of appellee on the case made by its pleadings and sustained by its proof.

Affirmed.