## HARTER v. AMERICAN EAGLE FIRE INS. CO.
### No. 5967.

Circuit Court of Appeals. Sixth Circuit.
June 27, 1932.

John H. McNeal, of Cleveland, Ohio, for appellant.

R. M. Edmonds, of Columbus, Ohio (Mooney, Bibbee & Edmonds, of Columbus, Ohio, on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The plaintiff below looked for escaping gas with a lighted match. The inevitable explosion and resulting fire which followed completely destroyed his house and his household goods, injured him, and caused him substantial loss of earnings. At the time of the explosion and fire, the plaintiff's house was insured against fire in the sum of $5,000 by a policy issued by the defendant insurance company, appellee. The plaintiff notified Mr. Hook, a local agent of the company, of the fire, and claims to have been told by Hook that there was nothing for him to do or sign; that his claim would be paid in the sum of $5,000, but that he should first settle with the East Ohio Gas Company, that company being responsible for the escaping gas which caused the explosion; that, by first doing so, he would obtain a better settlement from the gas company; that he could then come back and his money would be paid to him. The plaintiff subsequently presented to the gas company a claim for all of the damages suffered, including damages to his house and household goods, his personal injuries, and loss of

salary, and the gas company paid him the sum of $32,000, taking a full release of all liability, which release is set forth in the margin.[1] After the settlement the plaintiff commenced suit on his fire insurance policy against the defendant in the state court, and, after removal to and trial in the federal court, where judgment on directed verdict was entered against him, brought this appeal.

The policy sued upon contained the usual subrogation clause, providing that, in case fire is caused by the act or neglect of any person or corporation, the company should, upon payment of the loss, be subrogated to the extent of any payment made by it to all right of recovery by the insured for the resulting loss. It also contained the further provision that no officer, agent, or other representative of the company, should have the power to waive any provision or condition of the policy except such as by the terms of the policy might be the subject of agreement indorsed thereon or added thereto, and as to such provisions or conditions no agent should have the power, or be deemed or held to have waived such provisions or conditions unless the waiver be written upon or attached to the policy.

Defense to the suit was based upon payment of the loss suffered by the party primarily liable, and upon destruction of defendant's right to subrogation by the plaintiff's execution of the release to the gas company for all damages growing out of the explosion. In answer the plaintiff contends that there was no settlement of the fire loss with the gas company, that defendant's agent waived the subrogation clause, and that in any event the defendant is estopped by the representations of its agent from denying liability on the policy.

■■ The defendant possessed the right to subrogation to the extent of its liability on the policy not only under its contract, but upon equitable principles. Phœnix Insurance Company v. Erie & W. Transportation Company, 117 U. S. 312, 6 S. Ct. 750, 29 L. Ed. 873; Farmers' Bank v. Hayes, 58 F. (2d) 34, decided by this court April 15, 1932. It is also settled that a release given by the insured to a tort-feasor who is primarily liable for the injury destroys the insurance company's right of subrogation, and is a bar to recovery on the policy. Phœnix Insurance Company v. Erie & W. Transportation Company, supra; Chicago, etc., Railroad Company v. Pullman Car Company, 139 U. S. 79, 11 S. Ct. 490, 35 L. Ed. 97; Packham v. German Fire Insurance Company, 91 Md. 515, 46 A. 1066, 50 L. R. A. 828, 80 Am. St. Rep. 461; Sims v. Mutual Fire Insurance Company, 101 Wis. 586, 77 N. W. 908; Maryland Motor Car Insurance Company v. Haggard (Tex. Civ. App.) 168 S. W. 1011; Auto Owners' Protective Exchange v. Edwards, 82 Ind. App. 558, 136 N. E. 577; Smith & Son v. Phœnix Insurance Company, 181 Mo. App. 455, 168 S. W. 831; Highlands v. Cumberland V. F. M. Insurance Company, 203 Pa. 134, 52 A. 130; Ætna Casualty & Surety

[1] Release to East Ohio Gas Company

In consideration of the payment to us by The East Ohio Gas Company of the sum of Thirty-two thousand and no/100 Dollars ($32,000.00), being in full settlement and satisfaction of all claims, actions or causes of actions, known or unknown for compensation or otherwise, which we now have, or may in the future have against said Company on account of any and all personal injuries to us, *damages to house*, furniture, household goods, clothing and any other (D391) property belonging to us, loss or expense resulting or to result from an explosion which occurred on or about January 17th, 1929, in our residence located on Greenwood Place, S. W., Canton, Ohio, *causing total loss of said house* and contents and injuring us, and in consideration of such payment, we do for ourselves, our heirs, executors, administrators and assigns, release and forever discharge said The East Ohio Gas Company, its successors and assigns, of and from all claims and demands whatsoever, and in particular, such as have arisen or may in any manner grow out of said explosion.

As a part of this release, it is understood and agreed by the parties hereto, that of the total amount of this settlement, the sum of One Thousand Eight Hundred Ninety-four and 33/100 Dollars ($1,894.33) shall be paid to The Citizens Building & Loan Company, Canton, Ohio, to cover amount of mortgage and interest held by it on our property located on Greenwood Place, S. W., Canton, Ohio.

In witness whereof, we have hereunto set our hands at Canton, Ohio, this 5th day of April, 1929.

[Signed] Clayton C. Harter
[Signed] Sylvia G. Harter

Witnesses:
[Signed] W. D. R. Evans,
[Signed] L. C. Flath.

The Citizens Building & Loan Company, holder of mortgage on property owned by Mr. and Mrs. C. C. Harter, located on Greenwood Place, S. W., Canton, Ohio, in consideration of the amount of mortgage held by it, plus interest thereon to be paid to this Company, hereby consents to the above contract of settlement insofar as loss of the house is concerned, and in consideration of the same, does for itself, its successors or assigns, hereby release and forever discharge said The East Ohio Gas Company, its agents, employees, successors and assigns, from all liability for all claims and demands whatsoever, either at law or in equity, which it now has as a result of and arising from said explosion, occurring January 17th, 1929, as above set forth, or which may in any manner grow out of or arise therefrom.

Witness our hands at Canton, Ohio, this 6th day of April, 1929.

The Citizens Building & Loan Company,
[Signed] Geo. W. H. Higgins.

Witnesses:
[Signed] W. D. R. Evans,
[Signed] Hayes R. Putnam.

[Stamp] Audited.

Co. v. Phœnix National Bank, 285 U. S. 209, 52 S. Ct. 329, 76 L. Ed. 709. This seems to rest upon the principle that the insured is not entitled to double compensation for the same loss. Auto Owners' Protective Exchange v. Edwards, supra; Phœnix Insurance Company v. Transportation Co., supra; Sims v. Mutual Fire Insurance Company, supra. Even if the insurance company had first paid, and if the amount collected from the gas company had exceeded the net loss, the excess amount representing such loss would be held by the insured in trust for the insurance company. Phœnix Insurance Company v. Erie & W. Transportation Company, supra.

Some of the cases go so far as to hold that, even where some item of damage is especially excepted or reserved in the release, the right to recovery is nevertheless extinguished, because release from liability for a tort extinguishes all claims of damages growing out of it. Packham v. German Fire Insurance Company, supra; Sims v. Mutual Fire Insurance Company, supra; Maryland Motor Car Insurance Co. v. Haggard, supra. It is unnecessary for us to decide the question ruled upon in the last-cited case, because it is clear from the terms of the release and upon the whole record that no item of damage was excepted by the plaintiff in his release to the gas company.

There remain the questions of waiver and estoppel, and in respect to them the extent of the authority posessed by Hook to bind the company. Hook was the vice president of the Daily & Hook Company, a local insurance agency which wrote the policy to Harter. For a short time the Daily & Hook Company represented the defendant, and were authorized to consent to assignments, transfers, and indorsements at the time the loss occurred; they were also agents for other insurance companies. Their agency was not unlimited, and the record is silent as to any authority possessed by them to bind the defendant other than as above stated. They could not waive the subrogation clause at all, and certainly not by representations which were not in writing indorsed on or attached to the policy. Hartford Fire Insurance Company v. Nance, 12 F. (2d) 575 (C. C. A. 6); Home Insurance Office v. Scott, 46 F. (2d) 10 (C. C. A. 6); Sun Ins. Office v. Scott, 284 U. S. 177, 52 S. Ct. 72, 76 L. Ed. 229. For the same reason we think the defendant not estopped from denying liability by Hook's alleged representations.

 Plaintiff relies upon section 9586 of Ohio General Code, which makes the person who solicits or takes an application for insurance the agent of the company, anything in the application or the policy to the contrary notwithstanding. The Supreme Court of the United States recently reviewed the Ohio cases interpreting this statute. Sun Insurance Office v. Scott, supra.[2] The Ohio courts do not interpret the statute as defining the scope of the agency created by it, but leave it to be defined by applicable principles of common law. When the policy limits its scope, the written contract must control. The burden was upon the plaintiff in the instant case to show the extent of Hook's authority. There is nothing in the record to show that he had anything to do with adjustments of loss, nothing upon which to predicate any authority on his part to waive the subrogation clause, and neither waiver nor estoppel is based upon acts or representations of any other agent or officer of the company.

The judgment below is affirmed.

[2] See, also, Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, and Newsom v. New York Life Insurance Co. (C. C. A. 6) 60 F. (2d) 241, decided at this session.