BERESFORD INDEPENDENT SCHOOL DISTRICT, Appellant, v. TOOMEY, Superintendent of Schools, Respondent.

(273 N. W. 724)

(File No. 8002.   Opinion filed June 1, 1937)

*Frieberg & Frieberg,* of Beresford, and *Alan Bogue,* of Parker, for Appellant.

*O. C. Donley,* of Elk Point, for Respondent.

WARREN, J. This proceeding was commenced by the plaintiff pursuant to the provisions of sections 3026-3028, inclusive, of the Revised Code of 1919, and acts amendatory thereto, for the purpose of obtaining judgment of the court determining the issues in controversy between the parties hereto. A stipulation of facts was entered into by the parties which in substance is as follows:

That the plaintiff is a public corporation organized as an independent school district; that the defendant is the duly elected, qualified, and acting superintendent of schools in and for Union county, South Dakota, having jurisdiction over the plaintiff district; that pursuant to law, the plaintiff filed with the defendant its report for the years 1934-35, upon which report the charge for tuition is to be based; that the plaintiff, in its said report, claimed and does claim certain items to be included in the cost of high school maintenance. The report as shown in appellant's brief is as follows:

"Accounting series:

|  |  | Grade | High School |
|---|---|---|---|
| 100 | General Control | $ 345.44 | $ 2,025.69 |
| 200 | Instructional Service | $6,781.78 | 12,186.67 |
| 300 | Auxiliary Agencies | | 3.50 |
| 400 | Operation of Plant | 1,638.74 | 2,978.92 |
| 500 | Maintenance of Plant | 103.71 | 1,046.98 |
| 600 | Fixed Charges | 408.70 | 599.05 |
| 700 | Capital Outlay | 1,625.58 | 1,664.50 |
| 800 | Interest on Bonds | | 2,377.77 |

Interest on Investment as follows: Building

| (High School) Cost | $106,471.89 | |
| Less bonds (800 above) | 45,000.00 | |
| Balance | $ 61,471.89 at 4½% | 2,766.23 |
| Depreciation on Bldg. | $ 61,292.83 at 2% | 1,225.85 |
| Depreciation on Furniture, etc., | $ 39,476.06 at 5% | 1,973.95 |

Total claimed by plaintiff as cost of High School Maintenance      $28,849.11"

That the defendant notified the plaintiff of the amount of tuition chargeable, which charge was based solely upon the items listed in above accounting series 100, 200, 300, and 400, and rejected the claim of the plaintiff for the allowance of the balance claimed in the said report. The said stipulation of facts was presented to the circuit court of Union county, and the court rendered judgment thereon, upholding the action of defendant and decreeing that none of the items set forth in the said report of plaintiff, except those items listed as accounting series 100, 200, 300, and 400, constitute the costs of high school maintenance for the purpose of computing tuition under the Public School Law of 1931 (Chapter 138) and 1933 (Chapters 89-99). Plaintiff has appealed from the judgment of the circuit court.

An examination of the stipulated evidence and the briefs leaves us in much doubt as to just what appellant desires this court to decide. The respondent meets assignment of error No. 2 by stating that the item "Fixed Charges," standing alone, is meaningless, and that there is nothing to designate in what manner this item relates to maintenance of high schools, and therefore it cannot be considered by the appellate court for any purpose. Similar challenges are made as to assignments of error Nos. 1 and 3. The respondent is entirely correct in pointing out in his argument that the court, unaided by evidentiary facts not contained in the stipulation, cannot decide the merits of these various items in assignments of error 1, 2, and 3. This court is not permitted to base its opinion upon statements offered by appellant in its brief which are outside of the stipulated facts.

However, we are further confronted with the fact that the stipulation fails to show any controversy existing between plaintiff and defendant. The proceedings were brought under sections 3026-3028 of the 1919 Revised Code, which permits the submitting of a controversy without action. We seek enlightenment from the record and can only discover that there is some disagreement as to what items should be included in computing the cost of high school maintenance. The essential elements upon which a civil action could be based seem to have been left out of the stipulation, in that there is nothing to indicate the number of pupils attending the high school. Without that fact,

how could one determine the proportionate cost to each pupil per month that he or she should pay of the cost of high school maintenance? Without the evidence as to the number of pupils attending, it would be impossible to determine whether or not the tuition allowed by the superintendent of schools equals the statutory limit of $9 per month for each pupil. Section 285 of chapter 138, Laws of 1931, as amended by chapter 99, Laws of 1933. If the tuition allowed amounts to $9 per month for each pupil, then of course the appellant cannot complain, because of the specific statutory limitation. In the absence of such a showing there is nothing to indicate that this controversy could be the basis of a civil action. De Lucca v. Price, 146 Cal. 110, 79 P. 853; White v. Clarke, 111 Cal. 425, 44 P. 164. As we see it, there was nothing before the circuit court which conferred jurisdiction upon that court to render any decision. It follows that the judgment appealed from must be reversed, with directions to the circuit court to dismiss the proceedings. No costs will be allowed to either party.

All the Judges concur.