LIBERTIN, Respondent v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant

(63 N. W.2d 248)

(File No. 9395. Opinion filed March 9, 1954)

**Bellamy, Eastman & Christol,** Rapid City, for Defendant and Appellant.

**H. F. Fellows,** Rapid City, for Plaintiff and Respondent.

RUDOLPH, J.   Following our decision in the case of Libertin v. St. Paul Fire & Marine Ins. Co., 74 S.D. 436, 54 N.W.2d 168, there was a retrial.   The court again entered judgment for plaintiff and defendant has appealed.

It was stipulated that the record made before the trial court in the prior trial should be made a part of the present record.   We refer to our prior opinion for facts established at the first trial.   The only new testimony in the second trial was given by the former witness Mary Denker, the driver of the car at the time of the accident, who had married since the first trial and whose name is now Mrs. John Goodrich. Mrs. Goodrich testified that in the afternoon of the day of the accident she had a conversation with Mr. Libertin wherein it was agreed that her check of $1325 should be cashed by plaintiff, that Mrs. Goodrich would pay the balance of $200, and that plaintiff would have the car repaired, turn it over to her and transfer the title.

In our former opinion we held, in view of the trial court's holding that there was not a completed sale at the time of the accident which holding found support in the evidence, that it must be assumed, in the absence of testimony to the contrary, that the payment of $1525 by Miss Denker to plaintiff, was paid as compensation for the damage to plaintiff's car.   The purpose of the testimony received at the second trial was to rebut the assumption we indulged because of the absence of any evidence explaining the payment of the $1525 to plaintiff by Miss Denker.

Under the evidence presented at the second trial the

trial court found, 1st, that at the time of the accident and damage to the car there was no completed sale between plaintiff and Mary Denker; 2nd, that the $1525 paid by Denker to plaintiff was not in compensation for damage to plaintiff's car but was paid under a new agreement between plaintiff and Mary Denker whereby plaintiff was to have the car repaired, deliver it to Mary Denker and transfer the title.

■ We have reviewed the testimony and as stated in the former opinion [54 N.W.2d 170] are unable to say "that the record shows a clear preponderance of evidence against the finding of an incomplete sale", at the time of the accident. The direct testimony is all to the effect that Miss Denker had taken the car only for the purpose of determining whether she would purchase it. This direct testimony finds its most serious dispute in the payment made by Miss Denker to plaintiff. This payment is now explained by her testimony, which is not disputed, to the effect that after she wrecked the car she decided to purchase it under the agreement that it would be repaired and title transferred to her. The trial court believed and accepted this explanation. The only basis upon which we may set aside the finding of the trial court upon this issue is that the testimony is so unreasonable as to challenge the credulity of the court. Houck v. Hult, 63 S.D. 290, 258 N.W. 142. Of course it was the function of the trial court to determine the credibility of the witness. In deference to this function of the trial court, and the fact that Miss Denker was not experienced in business transactions and no doubt concerned because she had wrecked the car we cannot hold her explanation so unreasonable that it should now be rejected by this court.

■ The agreement by Miss Denker to purchase the car after the accident did not include release of her liability, if any, for damage to the car. Defendant's right of subrogation is, therefore, in no way affected by the purchase by Denker of the damaged car.

The judgment appealed from is affirmed.

All the Judges concur.