**John F. MILLER, Jr., Appellant,**

v.

**ST. PAUL INSURANCE COMPANY,
Appellee.**

**No. 3518.**

District of Columbia Court of Appeals.

Argued July 13, 1964.

Decided Oct. 14, 1964.

---

6. Cf. Kronick v. Sullivan, D.C.Mun.App., 83 A.2d 518, 519 (1951).

924

John F. Miller, Jr., Washington, D. C., appellant, pro se.

Arthur V. Butler, Washington, D. C., with whom Edward J. Gorman, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This appeal is from a judgment in favor of an insurance company on a claim by appellant based on the following facts.

Appellant, preparing to make a trip to the west coast, purchased a "PERSONAL EFFECTS AND BAGGAGE INSURANCE" policy effective for a period of 17 days. While the policy was in force appellant's suitcase was damaged beyond repair when he was traveling by airplane from Las Vegas to San Francisco. The airline at its own expense replaced the damaged bag in San Francisco with a new one at a cost of $68.40. When appellant returned to Washington he made claim against the insurance company for $68.40. The claim was rejected on the ground that, as the airline had replaced the bag at no cost to appellant, he had suffered no loss. After some negotiations the insurance company offered to pay the claim provided appellant would deliver to it the bag received from the airline. Appellant refused the offer and brought this action against the insurance company in the Small Claims Branch of the trial court for $68.40.

The trial court ruled against appellant on the ground that his acceptance of the new bag from the airline released his right of action against it, barred the insurance company's right of subrogation and thereby released the insurance company from claim under the policy. On application we allowed this appeal. D.C. Code 1961, § 11-741(c) (Supp. III, 1964); § 17-301 (Supp. III, 1964).

Appellant points out that the policy contained no provision reserving the right of subrogation to the insurer, and argues that without such express reservation the right of subrogation did not exist and is entitled to no consideration in this case. We reject this argument because we have previously ruled that the doctrine of subrogation is based upon principles of equity and exists independent of a subrogation provision in the insurance contract. Trinity Universal Insurance Co. v. Moore, D.C. Mun.App., 134 A.2d 333 (1957).

When appellant settled his claim against the airline by accepting the new bag, he thereby deprived the insurer of its right of subrogation, and, by so doing, provided the insurer with a complete defense to any action by appellant on the policy. Soper v. First Security Insurance Co. of America, D.C.Mun.App., 148 A.2d 580 (1959); Auto Owners' Protective Exch. v. Edwards, 82 Ind.App. 558, 136

N.E. 577 (1922); Libertin v. St. Paul Fire & Marine Ins. Co., 74 S.D. 436, 54 N.W.2d 168 (1952).

■ Appellant argues that to permit his settlement with the airline to defeat his claim against the insurance company is to disregard the "collateral source" principle recognized in this jurisdiction. That principle permits an injured person to "recover in full from a wrongdoer regardless of anything he may get from a 'collateral source' unconnected with the wrongdoer." Hudson v. Lazarus, 95 U.S.App.D.C. 16, 18–19, 217 F.2d 344, 346 (1954), cert. denied Hudson v. United States, 350 U.S. 856, 76 S.Ct. 43, 100 L.Ed. 761. See also, Geffen v. Winer, 100 U.S.App.D.C. 286, 244 F.2d 375 (1957). That principle has no application to the situation here presented. The insurance company is not a wrongdoer. Its obligation to appellant arises not out of a tort but out of a contract of indemnity.[1]

Affirmed.

[1] Conlin v. Dakota Fire Insurance Co., (N.D.), 126 N.W.2d 421 (1964), appears to be contrary to our holding. There, under a somewhat similar factual situation, the insurance company was required to pay the full value of the loss of luggage, although the insured had received partial payment from the airline. In so holding the court noted "there was no provision for subrogation in the insurance policy."