Florence C. McNEILL, Appellant,

v.

**DISTRICT–REALTY TITLE INSURANCE
CORPORATION, Appellee.**

No. 8606.

District of Columbia Court of Appeals.

Argued April 15, 1975.

Decided June 24, 1975.

Max Bergman, Washington, D.C., for
appellant.

Thomas Penfield Jackson, Washington,
D.C., for appellee.

Before REILLY, Chief Judge, and
KERN and HARRIS, Associate Judges.

KERN, Associate Judge:

Appellant McNeill brought suit to recover damages under a policy issued by appellee insuring her title to real property.[1] At the close of all the evidence the trial court granted appellee's motion for a directed verdict. The court held that a release granted by appellant to the seller of the property [2] deprived appellee of its right of subrogation to appellant's rights against her grantors, thereby discharging appellee from any liability under the policy. *Miller v. St. Paul Ins. Co.,* D.C.App., 203 A.2d 923 (1964).

■ The trial court correctly cited *Miller* for the general rule that in depriving his insurer by settlement and release of its right of subrogation against a wrongdoer, the insured provides the insurer with a complete defense to an action on the policy. *Id.* at 924. *See Annot.,* 38 A.L.R.2d 1095 (1952).

■ This court has also held, however, that an insurance company may waive its right of subrogation, or *be estopped to assert it,* if its conduct induces the insured to settle with the wrongdoer. Such conduct may consist of a direct suggestion of settlement, or of unreasonable delay by the company in satisfying its obligation under the policy. *Soper v. First Security Ins.*

*Co. of America,* D.C.Mun.App., 148 A.2d 580 (1959). *See Annot.,* 16 A.L.R.2d 1269 (1951).

Appellant's counsel did not expressly argue the question of waiver or estoppel in the trial court or in this court. He did argue, however, facts which, if proven, could provide a predicate for a finding of waiver by the insurance company of its right of subrogation. Appellant claims that she settled with the sellers only because appellee refused to assist her in clearing title to her property, and that a prompt proceeding against the sellers was necessary because the statute of limitations on appellant's claim was about to run.

■ The question whether an insurance company has waived or is estopped to assert its right of subrogation is normally one for the jury. In the instant case, the trial court by granting a motion for directed verdict precluded the trier of fact from considering the issue of waiver. Nonetheless, we find it unnecessary to remand the case for a new trial. Having reviewed the record of the trial, we are convinced that appellant failed to prove facts sufficient to support a verdict in its favor on that issue.

■ While it is clear that appellee has refused to compensate appellant for the loss she claims to have suffered, and de-

1. The policy covered "any defect or defects in the title" to the property or "liens or encumbrances" charging the property. Appellant claims there is a defect in her title by reason of an easement purportedly held by the State of Maryland. The State Roads Commission of Maryland acquired from one of appellant's predecessors in title a six-month option to purchase a "slope easement" on the property. There was introduced at trial evidence that the Commission "accepted" the option before its expiration, but it neither paid the purchase price stipulated in the option nor received from the owner a deed conveying title. The option itself was recorded in the land records of Prince George's County, where the land is located. Despite the fact that Maryland law provides that interests in real property of greater than seven years duration can be created only by execution and recordation of a deed, Md.Ann.

Code, art. 21, § 3–101 (1973) ; *see Mayor and City Council of Baltimore v. Brack,* 175 Md. 615, 3 A.2d 471, 120 A.L.R. 543 (1939), the Commission claims possession of a permanent easement on appellant's property, and has in fact entered onto the land and constructed a supporting slope for an abutting state highway.

2. Appellant and her grantors settled claims she asserted against them based on the fact that the contract of sale was conditional on appellant's ability to build six rental units on the property, and she was informed that she could not do so because of the alleged easement and a change in zoning requirements. In exchange for a $3,000 reduction in the purchase price appellant "release[d] and discharge[d]" the sellers from all claims of appellant, specifically those arising from the sale of the property.

nies in the present litigation that the loss claimed is within the scope of the coverage afforded by the policy, there was no proof that the company was unreasonable in its dealings with appellant prior to her settlement with the sellers. The record reflects that the insurance policy was issued in May 1967, the matter of the alleged easement was known to the company by September 1967, and the release was given to the sellers sometime in 1968. Mrs. Mc-Neill testified that she raised the alleged easements with agents of the company and they refused to take any action. It is clear, however, from appellant's own proof, that the company did in fact investigate the matter. There is no evidence as to what action Mrs. McNeill requested the company to take, what its response to her was, or whether any offer of settlement was made to her. In addition, there is no evidence that the company was aware of appellant's suit against the sellers of the property, or that it had prior notice of her intent to settle with them. *Compare Powers v. Calvert Fire Ins. Co.*, 216 S.C. 309, 57 S.E.2d 638, 16 A.L.R.2d 1261 (1950). Nor are we satisfied that immediate action against the sellers was imperative. The applicable Maryland statute of limitations is three years,[3] and appellant achieved her settlement with the sellers approximately one year after transfer of the deed.[4] Under these circumstances, a jury could not have found that the lack of action by the company "induced" appellant to settle with the sellers.

Accordingly, the judgment appealed from is affirmed.

*So ordered.*

---

3. Md.Ann.Code, art. 57, § 1 (1972).

4. We do not think the fact that the insurance company denies liability under the policy takes this case out of the rule that destruction of the insurer's right of subrogation bars action under the policy. Although the company believes there is no defect in appellant's title, should a court decide otherwise the insurer would undoubtedly wish, and would be entitled, to proceed against the sellers on the special warranty and covenant of further assurance contained in the deed conveying the property to appellant.