Everett E. HART and Margaret L. Hart, Plaintiffs and Respondents,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant.

No. 11608.

Supreme Court of South Dakota.

Dec. 31, 1976.

Rehearing Denied Feb. 1, 1977.

---

H. I. King, Jr., of King & King, Aberdeen, for plaintiffs and respondents.

James A. Wyly, of Richardson, Groseclose, Kornmann & Wyly, Aberdeen, for defendant and appellant.

ZASTROW, Justice.

This action was brought by the plaintiffs to recover medical expenses under an automobile insurance policy issued by the defendant, State Farm Mutual Automobile Insurance Company (State Farm). State Farm denied coverage under the policy because the plaintiffs had negotiated a settlement and signed a release and indemnity agreement for the third-party wrongdoer. The release was in violation of the subrogation clause of the insurance contract. The trial court held that the subrogation clause in the insurance policy was invalid, and the defendant has appealed from the judgment entered in favor of the plaintiffs. We reverse.

On February 24, 1971, Gaylene Hart, the plaintiffs' eight-year-old daughter, was injured in a car-pedestrian accident at the corner of Sixth Avenue Southwest and Ninth Street South in Aberdeen, South Dakota. The automobile which struck Gaylene Hart was driven by Felix Schaffner. As a result of the accident, the plaintiffs incurred medical expenses of $1,847.89 for the care and treatment of their daughter.

On the day of the accident, Schaffner was covered by a liability policy issued by Hartford Insurance Company. The plaintiffs were the owners of an insurance policy issued by State Farm which contained a $1,000 policy limit on medical payments.

On August 26, 1971, Hartford negotiated a settlement with the plaintiffs for $4,242.39. For that consideration, the plaintiffs signed a release and indemnity agreement to "release, acquit and discharge the said Felix Schaffner from any and all liability, claims, demands, actions and causes of action" and to "indemnify and save harmless the said Felix Schaffner against any and all further claims for damages, costs and expenses" arising from the accident.

After the settlement between the plaintiffs and Schaffner, the plaintiffs demanded payment for the medical expenses from State Farm. Under coverage C of its policy, State Farm was required:

"To pay reasonable *medical expenses* incurred for services furnished within one year from the date of accident:

"Division 1. to or for the first *person* named in the declarations and, while *residents* of his household * * * any relative * * * who sustains *bodily injury*, caused by accident * * through being struck by any landmotor vehicle or trailer * * *."

State Farm refused to pay, claiming that by releasing Schaffner the plaintiffs had breached section 4, paragraph two of the "Policy Conditions" which provided:

"4. *Subrogation.* * * *

"Upon payment under coverages C and M of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any *person* or organization and such *person* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. *Such person shall do nothing after loss to prejudice such rights.*" (emphasis supplied)

This action was then brought by the plaintiffs, seeking recovery under the insurance policy for all of the medical expenses.

The matter was submitted to the trial court upon a stipulation of facts. The parties extensively briefed the validity of the subrogation clause as it applied to medical payments under the policy.

The trial court entered judgment for the plaintiffs for the policy limit of $1,000. State Farm appealed from the judgment; however, submission of briefs was extended, pending the decision on the validity of the same subrogation clause in *Schuldt v. State Farm Mut. Auto. Ins. Co.*, 1975, S.D., 238 N.W.2d 270.

█ The unanimous decision rendered in *Schuldt* upheld the validity of the identical subrogation clause in question here. It is now settled law in this state that an insurer is entitled to subrogation for payments made under the medical payments provision of an automobile liability policy. The trial court's decision, to the extent it held that the subrogation clause was invalid, requires reversal under the authority of *Schuldt*.

The plaintiff, at the trial and on appeal, questioned the right of State Farm to claim subrogation without first making payment under the policy provision. The policy condition covering subrogation provides specifically that "such *person* shall do nothing after loss to prejudice such rights." There is no question that the signing of the release and indemnity agreement would "prejudice" the subrogation rights of State Farm. The plaintiffs contend that the failure of State Farm to make payments prior to settlement, in and of itself, was a waiver of the subrogation clause.

█ It is important to note that the plaintiffs stipulated that there was no issue of bad faith on the part of State Farm. The stipulation contained no facts to support the contentions of the plaintiffs on appeal that State Farm acted in bad faith and that the settlement was made "in desperation" because of State Farm's failure to pay medical expenses. See generally, Couch on Insurance 2d §§ 60:33, 61:189, 61:190; and Annot., 38 A.L.R.2d, § 4, p. 1099. This court may not base its opinion upon statements of fact offered by the plaintiffs in their brief which were not contained within the stipulated facts. *Beresford Ind. Sch. Dist. v. Toomey*, 1937, 65 S.D. 328, 273 N.W. 724.

█ An automobile policy with a provision for payment of medical expenses is considered to be a "contract of indemnity" (see concurring opinion in *Schuldt v. State Farm Mut. Auto. Ins. Co.*, 238 N.W.2d at 272). As such, the rule set forth in *Libertin v. St. Paul Fire & Marine Ins. Co.*, 1952, 74 S.D. 436, 54 N.W.2d 168, is controlling in this situation:

"Appellant's obligation under its insurance contract is to indemnify respondent against loss such as is here involved. The law however recognizes the principle that if insured recovers the loss from a source other than the insurer, the latter's liabili-

ty is reduced to the extent of such recovery. The rule is a part of the development in the law that subrogates an insurer on this kind of policy to such claim as the insured may have against one who wrongfully caused the damage. A release of the one causing the damage by the insured relieves the insurer of liability and destroys the cause of action under the policy. The rule is stated thus in *Auto Owners' Protective Exchange v. Edwards*, 82 Ind.App. 558, 136 N.E. 577, 579: '* * * any payment as damages received by the insured from the wrongdoer, before settlement with the insurer, reduces, by operation of law, the liability of the insurer to the extent of the payment; and, *where the insured releases his right of action against the wrongdoer before settlement with the insurer, that release destroys, by operation of law, his right of action on the policy.*' " 54 N.W.2d at 170 (emphasis supplied)

See also Appleman, Insurance Law and Practice, Vol. 6A, § 4093; 7 Am.Jur.2d, Automobile Insurance, § 205; 46 C.J.S.Insurance § 1209, at p. 159; Couch on Insurance 2d, §§ 60:31, 61:93; and Annot., 38 A.L.R.2d 1095.

■ The general release of all claims and rights of action by the plaintiffs against the wrongdoer, Schaffner, prior to payment of the medical expenses by State Farm, destroyed the right of subrogation and bars any action by the insured for recovery on the medical payments provisions of the policy. Absent any showing of bad faith, consent, waiver or denial of liability by State Farm before the release, the plaintiffs are not entitled to enforce the medical payments provisions of the policy after the release of Schaffner.*

Finally, the plaintiffs argue that because Gaylene Hart was an "insured" under the terms of the policy, State Farm had no right of subrogation under the second paragraph of section 4 of the policy conditions because she was not a "person" subject to that provision.

■ It is clear that "person" in that section refers to any person who is injured or entitled to receive medical payments under coverages C or M. As used in the context of section 4, "person" includes Gaylene Hart, an "insured," who was injured and entitled to receive payment under coverages C or M; it does not exclude her. In other words, "person," as used in section 4, includes anyone who is injured or entitled to receive payments under coverages C or M, be they an "insured" or not. See generally, *Foundation Reserve Insurance Company v. Cody*, 1970, Tex.Civ.App., 458 S.W.2d 214.

The judgment is reversed.

All the Justices concur.

* *Bradford v. American Mutual Liability Insurance Co.*, 1968, 213 Pa.Super. 8, 245 A.2d 478; *Demmery v. National Union Fire Insurance Company*, 1967, 210 Pa.Super. 193, 232 'A.2d 21; *Busch v. Home Ins. Co.*, 1967, 97 N.J.Super. 54, 234 A.2d 250; *Bernardini v. Home and Automobile Insurance Company*, 1965, 64 Ill. App.2d 465, 212 N.E.2d 499; *Damhesel v. Hardware Dealers Mutual Fire Ins. Co.*, 1965, 60 Ill.App.2d 279, 209 N.E.2d 876; *Blocker v. National Discount Insurance Company*, 1972, Okl., 493 P.2d 825; *Jacobson v. State Farm Mutual Automobile Ins. Co.*, 1971, 83 N.M. 280, 491 P.2d 168; *Motto v. State Farm Mutual Automobile Insurance Co.*, 1969, 81 N.M. 35, 462 P.2d 620; *Foundation Reserve Insurance Company v. Cody*, 1970, Tex.Civ.App., 458 S.W.2d 214; *Washington v. Dairyland Insurance Company*, 1970, La.App., 240 So.2d 562; *Geertz v. State Farm Fire and Casualty*, 1969, 253 Or. 307, 451 P.2d 860; *Poynter v. Aetna Casualty and Surety Company*, 1969, 13 Mich. App. 125, 163 N.W.2d 716. See also, Couch on Insurance 2d, §§ 60:31, 61:193, and Annot., 38 A.L.R.2d 1095.