CAMDEN FIRE INSURANCE ASSOCIATION, a corporation,

*v.*

NELLIE PREZIOSO.

[Submitted January 17th, 1922. Decided January 28th, 1922.]

1. An insurance company's right against a tort-feasor, through whose negligence a loss occurred, to recover the amount paid on the policy covering such loss, is not barred by a settlement between the tort-feasor and the insured for a sum less than the tort-feasor's liability, though the insured has given a full release, such release being a fraud on the insurer.

2. An insured is liable to the insurer for moneys received from a tort-feasor, through whose negligence a loss was incurred, only if he has recovered more from the insurer and the wrong-doer together than the total of his loss, and then only for the excess which he holds in trust for the insurer, whether he collected the insurance before or after he settled with the wrong-doer.

On final hearing.

*Messrs. Church, Harrison & Roche (Mr. Auguste Roche, Jr.),* for the complainant.

*Mr. C. William Caruso,* for the defendant.

BACKES, V. C.

The complainant insured the defendant against loss of her automobile resulting from fire, theft or collision. The policy contains the usual clause subrogating the insurance company to the rights of the insured against tort-feasors. In collision with a trolley car of the Public Service Railway Company, the defendant was injured and her automobile wrecked. The damage to the automobile was appraised and adjusted at $715.69, which was paid by the insurance company to the defendant. Before this and shortly after the accident, and while the defendant was still sick abed, an agent of the railway company made a settlement with her and her husband, paying her $130 for her personal injury, and him $20 for loss of her services, and took from them two general releases, the purport of which they did not realize. The agent knew of the insurance on the automobile, and I have no doubt that the negotiations were confined to the damages for personal injury and loss of services. The indications are all that way. The insurance company brings this suit to compel the defendant to refund the insurance on the ground that her general release bars its suit against the Public Service Company for damages to the automobile, due to its negligence, and defeats the complainant's subrogated rights, and, consequently, that she obtained the insurance money by fraud.

The release will not prevent a recovery by the insurance company, suing in the name of the defendant. The law is well

settled and I quote the syllabus of the opinion in *Fire Association of Philadelphia* v. *Wells, 84 N. J. Eq. 484:*

"The right of subrogation accruing to an insurance company to recover from a tort-feasor, through whose negligence the loss was incurred, the amount paid on its policy of insurance, is not barred by a settlement between the tort-feasor and the owner for a sum less than the actual liability of the former, and for which the latter gave a full release, for such a release is a fraud upon the subrogee which will be no defence either at law or in equity to its action to recover the loss remaining unsatisfied after applying to its satisfaction the sum paid by the tort-feasor." *Monmouth County Fire Insurance Co.* v. *Hutchinson and C. & A. Railroad Co., 21 N. J. Eq. 107; Martin* v. *Lehigh Railway Co., 90 N. J. Law 258.*

The loss suffered by the defendant through the alleged negligence of the Public Service Company was from personal injury, plus the damage to the automobile, $715.69. The release, though in general terms, does not reach the latter.

The insured can be called upon to account to the insurer-subrogee, only if he has recovered more from the insurer and the wrong-doer than the total of his loss, and then only for the excess. The excess he holds in trust for the insurer. *Monmouth County Fire Insurance Co.* v. *Hutchinson and C. & A. Railroad Co., supra; Fire Association of Philadelphia* v. *Wells, supra; Weber* v. *Morris and Essex Railroad Co., 35 N. J. Law 413.*

A distinction is sought to be drawn between the cases cited and the one at bar, because there the insured collected the insurance before settling with the railroads, whose negligence caused the loss, while here the defendant collected the insurance after settling with the railway company. The difference in procedure does not change the principle.

The bill will be dismissed.