AMERICAN AUTOMOBILE FIRE INSURANCE COMPANY
*v.* SPIEKER.

[No. 14,612. Filed November 3, 1933.]

*Bingham, Mendenhall & Bingham,* for appellant.

*Walter Pritchard,* for appellee.

WOOD, P. J.—The appellant as insurer paid the appellee as insured the sum of $250 for damages resulting to appellee's automobile by a fire caused by the negligent act of a third party, hereafter referred to as the tort-feasor. Some personal effects of appellee which were in the automobile were destroyed by the fire. These were not covered by appellant's policy of insurance. After having made settlement with appellant, appellee, acting on the advice of a representative of appellant, filed a claim with the insurer of the tort-feasor for the loss of his personal effects. This insurer without the knowledge on the part of the tort-feasor paid the appellee the sum of $75 in settlement, for the loss of his personal effects only. Upon payment of this sum of money, the appellee gave the insurer of the tort-feasor a receipt releasing both the tort-feasor and his insurer from all liability of every kind for damages resulting from the negligent act of the tort-feasor. The appellee did not execute this release with any fraudulent intent, and did not realize the purport of the release.

The insurance policy issued by appellant to appellee contained the usual clause subrogating the insurance company to the right of the insured against tort-feasors. The total amount received by the appellee did not exceed the loss sustained by him.

Appellant brought suit by amended complaint against the appellee and the tort-feasor to compel them to refund the money paid appellee, on the theory that the release given by the appellee to the tort-feasor and his insurer was executed as the result of fraud on the part

of the tort-feasor and with the fraudulent intent of depriving the appellant of any right of action, as subrogee against the tort-feasor, and that the execution of said release by appellee thereby fraudulently deprived appellant of its rights as subrogee, to the end that the appellee might receive and be paid $75 as additional damages *and in payment and settlement for the same claim for which the appellant had already paid appellee the sum of $250.* The issues were closed by an answer in general denial.

Trial was had to the court without a jury, resulting in a general finding and judgment for the appellee. Appellant (plaintiff) at the close of the evidence dismissed the action as to the tort-feasor. Motion for a new trial, alleging as causes therefor that the decision of the court was not sustained by sufficient evidence and that the decision of the court was contrary to law, was overruled. Appellant assigns this ruling as the only error for reversal.

The evidence fails to show that the appellee executed the release to the tort-feasor with any fraudulent intent whatever, or that the consideration for which the release was executed, was paid as additional damages and in payment and settlement of the same claim for which appellant had theretofore paid appellee. In fact the evidence shows quite the contrary. But the appellant asserts that it was not necessary for it to show fraudulent intent on the part of appellee, that there was a confidential or fiduciary relation existing between the appellant and appellee, and that the execution of the release by appellee resulting in his advantage and in injury to the appellant amounted to a constructive fraud or fraud in law without any actual fraudulent intent on the part of appellee. The facts and circumstances in this case do not sustain appellant's contention.

Subrogation is an equitable right, inuring to the in-

surer after having paid a loss to the insured. But the insured will not "in the forum of conscience" be required to reimburse the insurer except for such an amount as the insured may have received from the wrongdoer in excess of the insured's loss, and the expense incurred by him in realizing on the claim against the wrongdoer, at least where the insured acted in good faith, and the insurer did not participate or assist in the collection. *Newcomb* v. *Cincinnati Ins. Co.* (1872), 22 Ohio St. 382, 10 Am. Rep. 746; *Camden, etc., Association* v. *Prezioso* (1922), 93 N. J. Eq. 318, 116 Atl. 694; 7 Cooley's Briefs on Ins. (2d Ed.), p. 6714. Note 36, A. L. R., p. 1269, and authorities cited. If the tort-feasor, with knowledge that the insurer has already made payment to the insured, makes settlement with him and thus obtains a release, it will not be a defense as against the insurer in enforcing its rights as subrogee. *Pittsburgh, etc., R. R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525, Ann. Cas. 1918A, 828.

From the evidence in this case, the court could reasonably infer that the insurer of the tort-feasor had knowledge of the fact that appellant had paid appellee for the damage to his automobile, before it settled with him for loss to his personal effects. Whether the tort-feasor could be charged with this notice we do not decide. The evidence is clear and without contradiction that the sum paid to appellee by the insurer of the tort-feasor, was not paid for the purpose of further reimbursing him for the same loss for which the appellant had already paid him the sum of $250, as alleged in the complaint, but it was paid for the loss of personal effects exclusively, on which appellant had no policy of insurance whatsoever. From the testimony of appellee, given without objection by appellant, the court could reasonably infer that the only consideration received by appellee which prompted him to execute the

release, was payment for the loss of his personal effects, and that he did not intend to or understand that he was releasing the tort-feasor or his insurer from any other liability. It cannot be said from all the evidence in this case that the appellee has received money from the tort-feasor or his insurer which in equity belongs to appellant. As said by the court in *Hamilton, etc., Co.* v. *Greger* (1927), 246 N. Y. 162, 158 N. E. 60, 55 A. L. R. 921: "There is indeed a question of fact whether in view of all the circumstances, including the form of the complaint and of the release, the parties to the release ever contemplated that the railroad company should be released from any claim already transferred to the insurance company for damages to the automobile."

There is evidence to sustain the finding and judgment of the court and it is not contrary to law. The cause was fairly tried and an equitable result reached between the parties.

Finding no reversible error, the judgment is affirmed.