This matter comes before me on a motion to strike out the answer of the defendant.
The bill of complaint is based on the equitable theory of subrogation. Complainant seeks to impress a trust on $1,500 received by the defendant from L. Bamberger Co. Complainant contends that the receipt of this money was in direct contravention of complainant's right to subrogation.
The bill of complaint alleges that the defendant insured her mink coat with the complainant for $1,800 and afterwards stored it with L. Bamberger Co. The coat disappeared *Page 251 
from the storage plant of L. Bamberger Co. The bill further alleges that the defendant, upon learning of her loss, filed a proof of claim with complainant for the full amount of the policy; to wit, $1,800, and received the said amount. After the payment by complainant of the said $1,800, defendant received from L. Bamberger Co. $1,500 which was the value placed on said coat at the time defendant stored it with said company. The bill further states that complainant has several times demanded of the defendant the amount of money; to wit, $1,500 which she received from L. Bamberger Co.
The answer admits that the complainant insured her coat and paid her the claim of $1,800. She alleges, however, that the value of the coat was $3,500 and that the amount paid by complainant, together with the $1,500 paid by L. Bamberger Co., was not sufficient to indemnify her for her loss and that, therefore, complainant is not entitled to be subrogated to any part of the moneys paid to her by L. Bamberger Co.
Complainant moves to strike out the answer of the defendant on the following grounds: That it is sham; that it is frivolous; that it is insufficient; and, that it fails to disclose any defense in equity.
The bill and answer, together with the affidavits, present a question of fact relative to the value of the coat. The question of value can only be determined on final hearing.
The law of this state is that "the insured can be called upon to account to the insurer-subrogee, only if he has recovered more from the insurer and the wrongdoer than the total of his loss, and then only for the excess. The excess he holds in trust for the insurer." Camden Fire Insurance Association v. Prezioso,93 N.J. Eq. 318, 320.
The motion to strike out the answer is, therefore, denied. *Page 252