ED DONALDSON *v*. NOLA SELLMER.

[No. 1-1274A187. Filed September 22, 1975.]

*E. Gerry Barker*, Jeffersonville, for appellant.

*Charles W. Hoodenpyl, Jr., Fifer, Vogt, Hoodenpyl & Lanum*, Jeffersonville, for appellee.

ROBERTSON, C.J.—Donaldson appeals from a judgment cancelling a conditional land sale contract in which he was the vendee and awarding damages and possession of the real estate to Sellmer, the vendor.

The primary issue is whether forfeiture of the vendee's interest in a conditional land sale contract was the proper remedy under the circumstances of this case.

We affirm the trial court's judgment.

In August of 1971, Sellmer, as vendor, entered into a land sale contract with Donaldson, as vendee, for the purchase of a house and lot generally used as a summer cottage or camp on the Ohio River in Clark County, Indiana. The terms of the contract provided that the purchase price of the property, $16,500, was to be paid by Donaldson making a downpayment of $2,000 and monthly payments of $175.00 (including interest at the rate of eight percent per annum) for a period of ten years. The monthly payments were to commence on October 1, 1971 and continue until October 1, 1981 when Donaldson would have paid a total contract price of $23,158.95.

The contract contained the following forfeiture-liquidated damages provision:

> "In case of the default of the purchaser in the payment of said monthly installments and the continuance of such default for the period of thirty days, the *vendor* may retain the amount paid to such date of default as a part of her just compensation for such failure to perform the contract and may declare the contract terminated and proceed for damages, or may institute specific performance against such purchaser. The purchaser on default of the vendor may elect to enforce specific performance and to sue for damages for breach of contract or may rescind the contract."

The controversy between Donaldson and Sellmer arose when a third party, Schaum, attempted to purchase the property from Donaldson.

On April 18, 1972, Schaum made a written offer to Donaldson to buy the real estate. Without obtaining the written consent of Sellmer, an express requirement of the land sale contract, Donaldson accepted the offer in writing the next day. Schaum then paid Donaldson a deposit of $1000.00. In May of 1973, Schaum examined the title to the real estate and found that it was subject to several restrictions which were contained in a warranty deed given by one of Sellmer's predecessors in title.

After these restrictions were disclosed, Sellmer and Donaldson met and discussed the situation with Sellmer's attorney. Sellmer offered to refund to Donaldson all the money paid under the contract to that date. However, Donaldson refused the offer for the reason that he would lose the benefit of his bargain with Schaum by doing so.

Schaum thereafter refused to perform the contract and demanded return of his $1000.00 deposit. Donaldson refused to refund the money and also failed to pay Sellmer the May 1973 installment of the land sale contract.

On August 29, 1973, Schaum brought suit against Donaldson to recover his deposit. Donaldson filed his answer to the

complaint and a third-party complaint against Sellmer for indemnity or contribution alleging a breach of the August 1971 agreement.

On May 1, 1974, the morning of trial, Donaldson's attorney delivered a check to Schaum's attorney for $1500.00 representing a refund of the deposit and a reimbursement of Schaum's legal fees. Schaum then filed a motion to dismiss his complaint against Donaldson, which the court granted. Donaldson moved to dismiss his complaint against Sellmer which the court also granted.

Sellmer had filed answers to both the complaint and third party complaint, and also filed a counterclaim against Donaldson in four counts (ejectment, fraud, rescission, and specific performance).

Sellmer then filed a motion to dismiss counts III (rescission) and IV (specific performance) of her counterclaim against Donaldson which was granted. Also the court subsequently ordered count II (fraud) dismissed and the case proceeded to trial on count I of Sellmer's counterclaim which asked the court to cancel and terminate the contract between Sellmer and Donaldson and to terminate and forfeit all of Donaldson's right, title and interest in the real estate.

At trial Sellmer produced evidence to show that Donaldson had materially breached the contract.

The evidence showed that Donaldson had several times failed to make timely payments and wholly failed to make three installment payments due under the contract for the months of May, September, and October of 1973, prior to Sellmer's notice of termination given on November 14, 1973. Also, Donaldson had contracted to sell the real estate without obtaining the written consent from Sellmer as required by the contract.

More importantly, Donaldson had agreed to keep the property insured in an amount equal to the outstanding balance

due under the agreement. Sellmer had carried insurance on the real estate from the date she acquired it until it was sold on contract to Donaldson. However, Donaldson did not pay any insurance premiums or procure insurance on the property in spite of a subsequent demand from Sellmer to produce evidence of insurance coverage.

Also evidence was introduced to show that Donaldson had failed to keep the property in good repair as expressly required by the contract. The record shows that the house on the property was in good repair and in a habitable condition when Donaldson took possession. However, upon later inspection of the property by Sellmer, the real estate was found to be abandoned, open and unsecured, and damaged to such an extent as to be uninhabitable. Several examples of deterioration and lack of repair were listed in appellee's brief and supported by testimony and several color photographs contained in the record, including: trash and debris had been dumped on the property; doors and screens were either missing or rotted; downspouts were missing or filled with growing vegetation; the living room ceiling had a gaping hole in it due to fire or water damage; the exterior light fixtures were missing; both sets of exterior steps were cracked and handrails were loose; the water pump and well housing was damaged so that the house was without running water; the hookup for the gas stove had been taken; the house had no heat because the copper fuel line had been cut; the shower stall had rusted out; medicine cabinet was ripped from the wall; and finally, the house was open and unsecured so that any passerby could enter at will and gain access to all parts of the house.

Sellmer called as an expert witness, a professional real estate appraiser, who testified that based upon his personal inspection of the property, it was his opinion that the house was not habitable and had no present rental value. Sellmer also called Robert A. Jones, a local building contractor with

over twenty-five years experience in building, remodeling and repairing houses. Jones testified, based on his personal inspection of the real estate on April 27, 1974, that the cost of making the necessary repairs to the house would be $8,468.60, and that he would do the work for that price.

Having heard all the evidence produced at trial and having personally viewed and inspected the property, the trial court entered judgment in favor of Sellmer. The court declared the contract to be terminated and adjudged that all of Donaldson's interest in the property be forfeited in accordance with the liquidated damages clause of the contract. The court also awarded damages to Sellmer in the amount of $10,956.00, against which Donaldson was allowed a credit of $7,075.00 representing the amounts he had paid under the contract, leaving the sum of $3,881.00 as damages still owed to Sellmer.

Donaldson brings this appeal from that judgment.

On appeal, Donaldson does not contend that the trial court erred in finding that he had materially breached the contract. The sole contention of Donaldson, properly raised upon appeal, is that the trial court erred in declaring a forfeiture of the contract and in not entering a judgment of foreclosure pursuant to the supreme court case of *Skendzel* v. *Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641.

In *Skendzel* the Indiana Supreme Court held that, in all but a few specific instances, the proper relief to be granted a vendor upon the vendee's material breach of a land sale contract was not a forfeiture but a judgment of foreclosure pursuant to Trial Rule 69 (C) and the mortgage foreclosure statute, IC 1971, 32-8-16-1 (Burns Code Ed.).

*Skendzel* limits forfeitures of land sale contracts to a few specific factual situations. As stated by Justice Hunter:

"This is not to suggest that a forfeiture is an inappropriate remedy for the breach of all land contracts. *In the case*

*of an abandoning, absconding vendee, forfeiture is a logical
and equitable remedy. Forfeiture would also be appropriate
where the vendee has paid a minimal amount on the con-
tract at the time of default and seeks to retain possession
while the vendor is paying taxes, insurance and other up-
keep in order to preserve the premises.* Of course, in this
latter situation, the vendee will have acquired very little, if
any, equity in the property. However, a court of equity
must always approach forfeitures with great caution, being
forever aware of the possibility of inequitable dispossession
of property and exorbitant monetary loss. We are per-
suaded that forfeiture may only be appropriate under cir-
cumstances in which it is found to be consonant with notions
of fairness and justice under the law" (Emphasis added.)
301 N.E.2d 641, 650.

This court has previously recognized the exceptions set
forth by *Skendzel*. In *Tidd* v. *Stauffer* (1974), 159 Ind. App.
570, 308 N.E.2d 415, Judge Lowdermilk stated:

"It must be remembered the *Skendzel* decision does not
rule out a forfeiture in a land sale contract, but limits such
forfeiture to cases of absconding or abandoning vendees,
or where a minimum amount had been paid, or where the
vendor seeks to retain possession to pay the taxes, insur-
ance, and insure that the property is kept up properly."
308 N.E.2d at 418.

In the recent case of *Goff* v. *Graham* (1974), 159 Ind. App.
324, 306 N.E.2d 758, a forfeiture of a land sale contract was
upheld on the basis of evidence showing that the vendee had
failed to insure the property as required by the contract and
had committed waste and deliberately neglected the property.

We are presented with similar facts in the present case.
The record shows that Donaldson had wholly failed to per-
form his obligation to acquire adequate insurance and had
allowed the property to deteriorate to such an extent that
substantial repair was necessary before the house would
even be habitable.

In light of these facts, we are of the opinion that the for-
feiture granted in this case was not so contrary to our notions

of fairness and justice as to amount to the harsh forfeiture condemned in *Skendzel*.

The judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 333 N.E.2d 862.