375 N.E.2d 677 (1978)
Wilford H.M. MORRIS, Defendant-Appellant,
v.
Charles E. WEIGLE and Ruth C. Weigle, Plaintiffs-Appellees.
No. 3-875A161A.
Court of Appeals of Indiana, Third District.
May 10, 1978.
Rehearing Denied June 7, 1978.
*678 Michael J. Stapleton, Ball, Eggleston, Bumbleburg & McBride, Lafayette, for defendant-appellant.
James R. Bunch, John L. Shambach, Wallace, Campbell, Bunch & Shambach, Covington, for plaintiffs-appellees.
ROBERTSON, Judge.
The defendant-appellant Morris is appealing the trial court's decision of declaring a forfeiture, instead of a foreclosure, of a contract to purchase real estate by Morris from the plaintiff-appellees Weigle.
The sole issue concerns the propriety of the forfeiture judgment. We find no reversible error and, accordingly, affirm the trial court decision.
A summary of facts favorable to the appellee Weigle shows that in early 1966 Weigles contracted to sell 135 acres of land to Morris for $57,000. The down payment was $15,000 with $2,000 annual payments plus interest on the unpaid balance. The land sale contract among other things, also provided for the annual payments to be made on the first of March each year; that time is of the essence to the contract; improvements on the real estate were to be insured and kept in good repair; and Weigles, upon default and notice, could terminate the contract and keep payments made as liquidated damages.
From 1967 through 1971 Morris's payments were habitually late, varying from about three weeks to eight months after the due date.[1] During this period Morris paid almost $17,000 on principal and $7,800 in interest. Morris farmed the property during the 1966-1971 period. He failed to insure the house on occasion and apparently never insured the barn.[2] There was also testimony that the value of the house dropped from $7,000 to $1,000 during Morris's possession.[3]
Weigles repossessed the property late in 1971. In October, 1972, Morris recorded the contract resulting in Weigles's seeking to quiet title to the real estate and the subsequent judgment from which this appeal arises.
The thrust of Morris's argument is that the facts do not warrant a forfeiture of the land sale contract, but instead invoke the less drastic remedy of foreclosure sanctioned by Skendzel et al. v. Marshall et al. (1973), 261 Ind. 226, 301 N.E.2d 641.
Morris's argument as it relates to the facts must fail because its ultimate purpose is to have this court weigh the evidence. This we cannot do.
The trial court's findings, when considered in their entirety, evinces abandonment[4] on the part of Morris of the land sale contract. The record contains evidence to support those findings and thereby precludes any application of Skendzel, supra, as authority for reversing the trial court. Skendzel clearly states forfeiture is a logical and equitable remedy when there is an abandoning vendee.
Judgment affirmed.
HOFFMAN, J., concurs.
STATON, J., dissents with opinion.
STATON, Judge, dissenting.
I dissent from the majority opinion since it concludes, as did the judgment of the trial court, that Morris abandoned the farm. Abandonment is an exception to the equitable principles imposed by Skendzel v. Marshall (1973), 261 Ind. 226, 301 N.E.2d 641, cert. denied 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476. By concluding that an abandonment existed, the forfeiture judgment of the trial court can be affirmed. My dissent is based upon the complete lack of abandonment evidence in the record, and the finding of the trial court that Morris had possession of the farm until it was repossessed by Weigle.[1]
*679 Morris, a Purdue University professor of agricultural economics, had paid a total of $24,800.00 on the conditional sales contract which had a total contract price of $57,000.00 for the 135 acre farm. Many of the contract payments were late, but Weigle knew that Morris was in South Africa at the request of the State Department of the United States to initiate a small farm program in underdeveloped countries. After leaving South Africa, Morris was in Brazil, South America for a time. Weigle had ignored and waived these late payments on the contract until the time of the repossession. Late payments are not abandonment evidence. They are merely evidence that Morris did not conform with the payment provisions of the contract. They are evidence of breaches of the contract which, except perhaps for the last payment, were waived.
Weigle knew that Morris did not intend to live in the house on the premise which had no inside plumbing. Some of the windows in the house were replaced by Morris. Furthermore, the trial court found that the value of the farm remained at $57,000.00 regardless of the empty farm house. This evidence like the evidence regarding failure to insure the barn is evidence that perhaps shows a breach of the conditional sales contract, but it does not show an abandonment of the farm. The evidence shows without contradiction that Morris with the aid of a tenant farmer, planted crops on the farm and remained in possession of the farm until Weigle repossessed it for breaches of the conditional sales contract. Finding "23" of the judgment entered by the trial court confirms this evidence and the conclusion that Morris did not abandon the farm. The finding is as follows:
"23. Defendant, or his agents, actively farmed the real estate here in question from March 1966 until it was repossessed in 1971."
If the trial court found that Morris remained in possession until repossession under the contract, it would be entirely unreasonable and absurd for the trial court to conclude that the farm had been abandoned by Morris.
How could the trial court have concluded as a matter of law that Morris abandoned the farm? A reading of the conclusion of law gives some insight.
"10. It further appears and the court concludes that the failure of the defendant to take any action to recover the real estate other than tender of payment of three thousand nine hundred fifty dollars ($3950.00) for release of the corn on November 5, 1971, from April 13, 1971, to October 10, 1972, constitutes an abandonment of the real estate, and the fact that the offer was refused by the plaintiffs does not entitle defendant to any recovery. There was no tender of full payment of the contract price in this case as occurred in the Tidd case supra."
Apparently, the trial court reasoned that Morris must offer the full contract price after the farm was repossessed by Weigle or take some legal action to recover the farm. This is not only a misunderstanding of abandonment, but it is contrary to the intent and purpose of Skendzel v. Marshall. The abandonment referred to in Skendzel is the abandonment of the real property being purchased under a conditional sales contract and before any repossession by the vendor which would prevent any meaningful abandonment.
The verb abandon means:
"Verb `abandon' means to cease to assert or exercise an interest, right or title to, especially with intent of never again resuming or reasserting it; to desert, surrender, forsake, or cede; to relinquish or give up with intent of never again resuming one's interest or rights; to give up or to cease to use; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert; and it includes the intention and also the external act by which it is carried into effect. Mosman v. Mathison, 408 P.2d 450, 454, 90 Idaho 76."
1 Words and Phrases "Abandonment" at p. 4 (1977 Supplement).
One of the hallmarks of an abandonment is that of voluntary relinquishment. United States v. Fay (D.C.N.Y. 1965), 239 *680 F. Supp. 132, 135. Obviously, a repossession of the farm by Weigle under his conditional contract rights is not a voluntary relinquishment of the farm by Morris. "`Abandonment' of the premises by the tenant is a relinquishment which, as matter of law, justifies immediate repossession by the landlord." Turnway Corp. v. Soffer (1975), 461 Pa. 447, 336 A.2d 871, 877. 1 Words and Phrases "Abandonment" at p. 11 (1977 Supplement).
"`Abandonment' depends upon an intention to relinquish property, accompanied by some act or omission which carries the implication that the possessor neither claims nor retains any interest in the subject matter." People v. Chitty (1963), 40 Misc.2d 580, 243 N.Y.S.2d 453, 454, 1 Words and Phrases "Abandonment," at 11 (1977 Supplement).
It is clear from the evidence and this appeal that Morris does not intend to relinquish the farm or to abandon the farm; therefore, the trial court committed reversible error when it concluded that the farm had been abandoned by Morris. The majority opinion adopts the reasoning of the trial court to support its abandonment conclusion; therefore, I would reverse the judgment of the trial court with instructions to apply the equitable principles set forth in Skendzel v. Marshall, supra.
NOTES
[1] The Court's findings showed that with payment due each year on the 1st of March, that Morris:

a. In 1967 made an interest payment in February and the principal payment on April 7.
b. In 1968 made payment on March 20.
c. In 1969 made payment on April 1st.
d. In 1970 tendered a check on April 30th. Weigles held the check for about a month and asked Morris to discuss insurance and other problems arising with the contract. Morris refused to discuss the problems. The check was tendered in June, but was returned for insufficient funds after which it was turned over to the Prosecuting Attorney for collection.
e. Morris 1971 payment, tendered on November 5, was refused.
[2] The trial court's finding # 7.
[3] The trial court's finding # 5.
[4] "The surrender, relinquishment, disclaimer, or cession of property, or of rights ..." Blacks Law Dictionary (4th Ed.) 9.
[1] A motion was made prior to trial for specific findings of facts. Ind.Rules of Procedure, Trial Rule 52(A).