**Marjorie HOCKELBERG, Appellant (Plaintiff Below),**

**v.**

**FARM BUREAU INSURANCE COMPANY, Appellee (Defendant Below).**

**No. 3–379A79.**

Court of Appeals of Indiana, Third District.

July 23, 1980.

David C. Field, Spangler, Jennings, Spangler & Dougherty, P. C., Gary, for appellant.

James J. Nagy, Eichhorn, Eichhorn & Link, Hammond, for appellee.

HOFFMAN, Judge.

This is an appeal from an order of summary judgment entered against plaintiff-appellant Marjorie Hockelberg in an action to recover on her automobile insurance policy issued by defendant-appellee Farm Bureau Insurance.

It appears that on October 30, 1973 Hockelberg was involved in an automobile wreck with a vehicle driven by Leonard Smith and owned by Hennis Freight Lines. As a result of the collision Hockelberg suffered personal injuries. On September 9, 1975 she filed suit against Smith and Hennis, charging them with negligence. This suit was settled for $15,000. In connection with the settlement Hockelberg entered into a release wherein Smith and Hennis were discharged from all liability arising out of the accident. Pursuant to these negotiations the cause was dismissed with prejudice to Hockelberg.

Prior to dismissal of that suit Hockelberg made claim against Farm Bureau for $2,000 worth of medical expenses incurred by reason of the accident. Farm Bureau took the position that before it would tender payment Hockelberg would have to sign a medical subrogation receipt and trust agreement thereby assigning her right of recovery against Smith and Hennis. Its stance was predicated on the subrogation clause contained in the policy.

"12. SUBROGATION

In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. *The insured shall do nothing after loss to prejudice such rights.*" [Emphasis added]

Hockelberg refused to sign the subrogation agreement. After her suit against Smith and Hennis was dismissed she renewed her demand on Farm Bureau but to no avail. Consequently, the present action arose.

Two issues have been raised on appeal:

(1) whether the trial court erred in rendering summary judgment against Hockelberg; and

(2) whether the trial court erred in failing to designate the issues upon which it found no genuine issue of a material fact.

Hockelberg contends that the summary judgment order was erroneous because there was no proof that her release of Smith and Hennis prejudiced the subrogation rights of Farm Bureau. Citing *American Automobile Fire Ins. Co. v. Spieker* (1933), 97 Ind.App. 533, 187 N.E. 355, she speculates that if the tortfeasors had notice of Farm Bureau's subrogation interest before the release was executed then such release would not impair Farm Bureau's right of subrogation. This argument is flawed. *Spieker* merely held:

"If the tort-feasor, with knowledge *that the insurer has already made payment to the insured,* makes settlement with him and thus obtains a release, it will not be a defense as against the insurer in enforcing its rights as subrogee." [Emphasis added] 187 N.E. at 356.

The *Spieker* rationale is inapposite here because Farm Bureau had not paid Hockelberg for her medical bills prior to the time the tortfeasors had settled with her. Accordingly, the issue of their knowledge would never come into play.

Hockelberg also surmises that the tortfeasors might waive the affirmative defense of release in a separate suit brought by Farm Bureau against them, thus preserving the right of subrogation. In *Charest v. Union Mutual Ins. Co. of Providence* (1973), 113 N.H. 683, 313 A.2d 407 the plaintiff attacked a consent clause which was quite similar to the subrogation clause in the instant appeal. In response to the claim that there was no showing that the insurer was prejudiced by the plaintiff's settlement, the court noted:

"The exclusion of coverage occurs when the insured settles with the uninsured motorist without the insurer's consent. The policy does not make it dependent on whether the right of subrogation will eventually produce a reimbursement." 313 A.2d at 410.

Likewise Farm Bureau's duty to pay under the policy is not conditioned on whether the right of subrogation will eventually produce a settlement.

██ When the insurer is claiming a right through subrogation it stands in the shoes of the insured and takes no rights other than those which the insured had. *Amer. States Ins. Co. v. Williams* (1972), 151 Ind.App. 99, 278 N.E.2d 295.

> "Literally, the word means the substitution of one person for another, and as applied in law, it means the substitution of some other person in the place of the creditor, so that the person for whom it is exercised will succeed to the rights of the creditor in relation to the debt. There has been some confusion in the decided cases by a failure to keep in mind the fundamental principle that the creditor for whom the substitution takes place must necessarily have had some right to which the substituted person can succeed. Equity will not do a useless thing, and unless there is thus some right to which the substituted person can succeed, the doctrine of subrogation will not be applied." *First & Tri S. N. B. & T. Co. v. Mass. B. & I. Co.* (1936), 102 Ind.App. 361, at 367, 200 N.E. 449, at 452.

Moreover, where the insured releases his right of action against the wrongdoer before settlement with the insurer, the release destroys *by operation of law* his right of action on the policy. *Auto Owners', etc., Exchange v. Edwards* (1922), 82 Ind.App. 558, 136 N.E. 577.

██ Under the facts as developed in the present case it seems apparent that Hockelberg foreclosed Farm Bureau's right to subrogation by giving the tortfeasors a complete release of all claims and by dismissing her lawsuit with prejudice when such suit encompassed all claims. Having thus destroyed Farm Bureau's subrogation rights, Hockelberg cannot recover under the policy as a matter of law and the trial court was correct in so holding.

██ Hockelberg also assigns as error the failure of the trial court to designate the issues upon which it found no genuine issue of material fact. Insofar as this allegation was not raised in her motion to correct errors, it is deemed waived.

No reversible error having been shown the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.