Carl E. PHILLIPS and A. Jeannine Phillips, Appellants (Defendants Below),

v.

Richard M. NAY and Jean P. Nay, Appellees (Plaintiffs Below).

No. 2–1282A415.

Court of Appeals of Indiana, Second District.

Nov. 29, 1983.

Belle T. Choate, Indianapolis, for appellants.

Jim A. O'Neal, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

SHIELDS, Judge.

█ The Phillips' first asserted error is the trial court's failure to render judgment on their counterclaim. The essence of their argument is the lack of a judgment on the counterclaim deprives the existing judgment of appealable finality. Without considering the merits, we hold this asserted error is not available to Phillips. As appellants, the Phillips represent to this court that the judgment they are appealing is an appealable judgment. If the judgment is not an appealable judgment as asserted by Phillips, it is they who have "invited" the error. Therefore, they are estopped from asserting lack of finality as an error on appeal.

█ The second error argued by Phillips is the trial court's order of forfeiture of the real estate contract rather than foreclosure of it, citing *Skendzel v. Marshall,* (1973) 261 Ind. 226, 301 N.E.2d 641. Specifically, Phillips argue their substantial equity under the contract renders forfeiture unconscionable and inequitable. We disagree. The *Skendzel* court recognized forfeiture is still an available remedy where:

> "the vendee has paid a minimal amount on the contract at the time of default and seeks to retain possession while the vendor is paying taxes, insurance and other upkeep in order to preserve the premises. Of course, in this ... situation, the vendee will have acquired very little, if any equity in the property."

*Skendzel,* 301 N.E.2d at 650.

The trial court's unchallenged findings of fact reveal Phillips made a single payment of $25,000 on the principal of $275,000. Phillips' remaining payments were insufficient to satisfy the interest on the unpaid principal such that the trial court found the balance due under the contract at the time of trial was $294,098.53. In addition, the trial court found Phillips had failed to keep the property insured and had failed to pay property taxes as required by the contract. Therefore, the trial court properly concluded the subject contract was well within the *Skendzel* exception allowing forfeiture. *See, e.g., Donaldson v. Sellmer,* (1975) 166 Ind.App. 60, 333 N.E.2d 862; *Goff v. Graham,* (1974) 159 Ind.App. 324, 306 N.E.2d 758.

Phillips also argue forfeiture was inappropriate because their breach was not material, citing *Ogle v. Wright,* (1977) 172 Ind.App. 309, 360 N.E.2d 240. That Phillips breached the contract is not in dispute. The fact of a breach was stipulated in the Pre-appeal Order entered pursuant to Ind. Rules of Procedure, Appellate Rule 2(C). Moreover, there are no covenants more material in a land contract than those providing financial obligations.

█ Even if we were to assume the existence of a waiver of late payments by the contract sellers, that assumption is unavailable to the Phillips. The trial court did find late payments; it also found Phillips not only failed to make any payments after the

spring of 1981[1] but also failed to pay, in kind, the balance of the down payment due on or before September 9, 1980. The alleged waiver of the right to declare a breach for failure to make a timely payment would not absolve the Phillips of their obligation to make payments pursuant to the contract.

The trial court's order of forfeiture of land contract is amply supported by the evidence.

Judgment affirmed.

MILLER, J., concurs (sitting by designation).

SULLIVAN, J., concurs.

1. Prior to the tender to the clerk of $17,500 made after the lawsuit was commenced Phillips' last payment was April 9, 1981.