**Judith Ann JOHNSON, Appellant (Defendant Below),**

v.

**Joseph RUTOSKEY and Anna Rutoskey, Appellees (Plaintiffs Below).**

**No. 2–1083A383.**

Court of Appeals of Indiana, Second District.

Dec. 27, 1984.

Frank E. Spencer, Indianapolis, for appellant.

Bruce M. Pennamped, Forbes, Kias & Pennamped, P.C., Indianapolis, for appellees.

SULLIVAN, Judge.

This is an appeal from summary judgment in favor of Joseph and Anna Rutoskey upon an action by the Rutoskeys to quiet title to certain real estate which was the subject of a land sale contract between the Rutoskeys (the vendors), and Judith Ann Johnson (the purchaser), appellant herein.

Johnson alleges the following errors upon appeal:

(1) That she was denied effective assistance of counsel, and as a result thereof, was denied a fair trial in violation of the 14th Amendment of the United States Constitution;

(2) That the trial court erred and abused its discretion by failing to consider her affidavit which was appended to her motion to correct errors;

(3) That the trial court erred in granting summary judgment against Johnson for forfeiture rather than requiring foreclosure; and

(4) That the trial court erred by awarding, in addition to forfeiture, damages for the delinquent installments, unpaid taxes, and attorneys fees.

On March 14, 1980, the Rutoskeys and Johnson entered into a contract for the sale of real estate which was to be used for residential purposes. The agreed upon price was $52,000. The contract provided for a $10,000 down payment, with the remaining balance of $42,000 to be paid within twenty-four (24) months from the date of execution bearing interest at a rate of eleven percent (11%) per annum, computed semi-annually. The contract, however, required only that the monthly installments of principal and interest during that 24 month period be in the amount of $425 each.[1] Under the contract, purchaser was obligated to assume and pay the taxes on the real estate beginning with the installment due and payable May 10, 1980. The contract contained an acceleration clause, permitting the vendors, upon default, to declare the unpaid balance immediately due and payable. In addition, the contract contained a forfeiture provision by which the parties agreed that, upon the commission of any material breach by the purchaser, and unless the purchaser had paid more than $12,000 toward the purchase price, the vendors could, at their option, cancel the contract, take possession of the real estate, and declare a forfeiture.

In July, 1982,[2] purchaser defaulted on the contract by failing to make the installment payment then due, or any payment thereafter. In addition she did not pay the real estate taxes which were due and payable in November, 1981 and thereafter, nor

---

1. It may be noted that even if monthly payments were made as required and were applied exclusively to unpaid principal, the balance due prior to expiration of the 24 month period would be in excess of $30,000.

2. No issue is presented with respect to expiration of the 24 month period prior to July, 1982.

did she pay the balance due on the contract within twenty-four (24) months of the execution date, March 14, 1980, nor did purchaser's payments toward the principal balance exceed $12,000.

In September, 1982, the vendors brought suit seeking to quiet title in themselves, and seeking forfeiture, as per the terms of the land contract. In addition, they sought damages for waste. In March, 1983, upon vendors' motion, and after hearing, the trial court entered summary judgment for vendors, cancelling the land contract, and awarding damages to the vendors for the unpaid real estate taxes, the unpaid installments which were owing up to that time, and attorney fees.

There is no dispute concerning the fact of purchaser's default under the terms of the contract. However, the parties do disagree as to the appropriate remedy, i.e., forfeiture as opposed to foreclosure, and as to the propriety of the award of damages and attorney fees.

## I.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Purchaser argues that the representation by her attorney was so wholly inadequate and incompetent as to deny her a fair trial under the 14th and 6th Amendments of the United States Constitution, and to warrant reversal of the summary judgment so that she might proceed to trial.

■ Purchaser has confused her remedies. Ineffective assistance of counsel may be asserted only upon the appeal of a criminal case in which the defendant, who has a right to counsel under the 6th and 14th Amendments, asserts that the ineffective assistance of his trial counsel constituted denial of a fair trial. Ineffective assistance of counsel is not a basis for reversal in civil cases of this nature.[3] *See Weenig v. Wood* (2d Dist.1976) 169 Ind.App. 413, 349 N.E.2d 235, 243. Purchaser's proper recourse

upon this allegation, assuming *arguendo* that it has any merit, lies in a separate civil action.

## II.

### TRIAL COURT'S FAILURE TO CONSIDER AFFIDAVIT APPENDED TO MOTION TO CORRECT ERROR

Purchaser contends that the trial court erred and abused its discretion by failing or refusing, upon her motion to correct error, to consider the information set forth in her affidavit, which related to the value of improvements she had made to the real estate. She maintains that this information affects her equitable rights in the real estate, and that because her attorney negligently failed to establish this evidence before the trial court upon the motion for summary judgment, she should be permitted to present the evidence belatedly in her motion to correct error.

■ Generally error may not be predicated upon evidence which was not before the trial court at the time of summary judgment. *Wisconics Engineering, Inc. v. Fisher* (2d Dist.1984) Ind.App., 466 N.E.2d 745; *Kahf v. Charleston South Apartments* (2d Dist.1984) Ind.App., 461 N.E.2d 723. An exception exists in the case of newly discovered evidence, which may, by affidavit, be asserted upon the motion to correct error if the proponent could not, with reasonable diligence, have earlier discovered and produced such evidence. Trial Rules 59(A)(6) and 59(H)(1). However, the evidence contained in purchaser's affidavit is not newly discovered evidence, nor does she so argue. Therefore, there are no grounds upon which the trial court could properly have considered her affidavit. The trial court committed no error by refusing to consider the alleged improvements to the real estate which were asserted upon the motion to correct error.

---

**3.** We do not here speculate with respect to any such argument which might be made in cases of a civil nature but which have criminal or punitive ramifications, *e.g.,* petitions for post conviction relief, juvenile matters and the like.

## III.

## FORFEITURE V. FORECLOSURE

Purchaser maintains that the trial court erred in granting summary judgment for forfeiture rather than foreclosure, and urges that there is a material factual issue as to the amount of equity she has in the property, such as would preclude forfeiture under *Skendzel v. Marshall* (1973) 261 Ind. 226, 301 N.E.2d 641, *cert. denied*, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476.

Vendors contend that the forfeiture provision in the contract should be enforced because it is the product of an express and freely entered into agreement between themselves and purchaser, set forth in clear and unambiguous language, and that to refuse to enforce the forfeiture clause would constitute a redrafting of the parties' contractual agreement. Furthermore, vendors argue that because the contract permits forfeiture *only* if the amount of principal paid does not exceed $12,000, the clause should be construed as (1) a liquidated damages provision, or (2) a mutually agreed upon "equity threshold" such that payment of less than $12,000 in principal constitutes "minimal equity," which, under *Skendzel v. Marshall, supra*, permits forfeiture.

The contract's forfeiture provision states:

"In the event Buyer deserts or abandons the real estate or commits any other willful breach of this Contract which materially diminishes the security intended to be given to Seller under and by virtue of this Contract, then, it is expressly agreed by Buyer that unless Buyer shall have paid more than Twelve Thousand and no/100 Dollars ($12,000.00) of the purchase price, Seller may, at Seller's option, cancel this Contract and take possession of the real estate and remove Buyer therefrom, without any demand and to the full extent permitted by applicable law. In the event of Seller's cancellation upon such default by Buyer, all rights and demands of Buyer under this Contract and in and to the real estate shall cease and terminate and Buyer shall have no further right, title or interest, legal or equitable, in and to the real estate and Seller shall have the right to retain all amounts paid by Buyer toward the purchase price as an agreed payment for Buyer's possession of the real estate prior to such default. Such retention shall not bar Seller's right to recover damages for unlawful detention of the real estate after default, for any failure to pay taxes or insurance, for failure to maintain the real estate at any time, for waste committed thereon or for any other damages suffered by Seller, including reasonable attorney's fees incurred by Seller in enforcing any right hereunder or in removing any encumbrance on the real estate made or suffered by Buyer. All of Seller's remedies shall be cumulative and not exclusive. Failure of Seller to exercise any remedy at any time shall not operate as a waiver of the right of Seller to exercise any remedy for the same or any subsequent default at any time thereafter." Record at 14.

In *Skendzel v. Marshall, supra,* 301 N.E.2d 641, our supreme court held that in all but a few specific instances, the proper relief to be granted a vendor upon the vendee's material breach of a land sale contract was not a forfeiture but a judgment of foreclosure pursuant to Trial Rule 69(C) and the mortgage foreclosure statute, I.C. 32–8–16–1. The court outlined the limited situations in which forfeiture would be justified:

"This is not to suggest that a forfeiture is an inappropriate remedy for the breach of all land contracts. *In the case of an abandoning, absconding vendee, forfeiture is a logical and equitable remedy. Forfeiture would also be appropriate where the vendee has paid a minimal amount on the contract at the time of default and seeks to retain possession while the vendor is paying taxes, insurance and other upkeep in order to preserve the premises.* Of course, in this latter situation, the vendee will have acquired very little, if any equity in the property. However, a court of

equity must always approach forfeitures with great caution, being forever aware of the possibility of inequitable dispossession of property and exorbitant monetary loss. We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consonant with notions of fairness and justice under the law." (Emphasis supplied) 301 N.E.2d 641, 650.

Vendors do not contend that purchaser is an abandoning or absconding vendee. They do contend, however, that forfeiture is appropriate under the second *Skendzel* exception because purchaser had paid a minimal amount on the contract at the time of default, and because she retained possession thereafter while the vendors paid the taxes on the property. It should be noted that vendors do not argue that the $11,200 purchaser had paid toward the $52,000 purchase price is, as a matter of law, insubstantial under *Skendzel*, but rather that by virtue of the contract provision establishing $12,000 as the "minimal equity threshold" the $11,200 is minimal equity by mutual agreement of the parties, and thus comes within the *Skendzel* exception.

Despite the arguable merit of vendors' contentions as they relate to freedom of contract, their arguments and rationale do not conform to the present law in Indiana. The instant case is analogous to and controlled by *Morris v. Weigle* (1978) 270 Ind.

121, 383 N.E.2d 341.[4] In that case the purchaser and vendors entered into a conditional land sale contract with a purchase price of $57,000. Of that amount, $15,000 was the down payment, and annual payments of $2,000 plus interest were to be paid toward the remaining balance each March 1st. The default provision of the contract permitted the vendors, upon the purchaser's default, to terminate the contract and to keep the amounts paid as liquidated damages. The purchaser defaulted after having paid $16,992.97 toward the principal (or 29.7% of the contract price) and $7,800 in interest. Upon default, the vendors repossessed the property and argued before the trial court that they were entitled to retain the entire $24,722.97 as liquidated damages stemming from the purchaser's breach. The trial court agreed with the vendors that forfeiture was the appropriate remedy, and the Court of Appeals affirmed. *Morris v. Weigle* (3d Dist. 1978) Ind.App., 375 N.E.2d 677. The Court of Appeals held that forfeiture was justified because the purchaser had abandoned the property, thus bringing the case within the first *Skendzel* exception.

The Indiana Supreme Court reversed. In its opinion, the court noted that the record disclosed no evidence of abandonment. Rather, the purchaser had continued to possess the property, evidencing no intent to relinquish it, until the vendors repossessed and effectively dispossessed the

4. We note that the vendors' argument concerning freedom of contract reflects the dissenting opinion of Justice Pivarnik in *Morris v. Weigle* (1978) 270 Ind. 121, 383 N.E.2d 341, in which Chief Justice Givan concurred. Justice Pivarnik expressed the view that:

"appeals courts should honor contracts as they were made by the parties and enforce them regardless of where the chips may appear to fall from this perspective." 383 N.E.2d at 346.

Although the facts before the court in this summary judgment proceeding do not reflect the subjective purpose of the parties in entering into this contract, the particular contract here in question does not bear the unconscionable or unfair forfeiture aspects of other provisions which have been struck down by our courts.

Any default and forfeiture contemplated by the contract would necessarily occur within the

24 month period. That does not appear to be substantially more burdensome than the basic contract payment terms which required the entire balance of $42,000 to be paid within that relatively short period.

The contract in question is susceptible to a reasonable view that it provided the latitude of a 24 month period for the purchaser to obtain mortgage financing or to otherwise obtain the funds necessary to complete the purchase. Such contracts are not uncommon in situations in which the purchaser needs or strongly desires early possession or title to the premises in question but also needs a reasonable but brief period within which to obtain financing for the total purchase price. Such contracts may be reasonably viewed as more favorable to the purchaser than to the seller in which case the forfeiture provision may not be unfair or inequitable.

purchaser. More importantly, however, the court looked to the percentage of the purchase price which had been paid—29.7%—and found the amount to be substantial, thus not within the "minimal equity" exception stated in *Skendzel*. The court determined that the purchaser's "equity in the property mitigated against the enforcement of any forfeiture provision which might have appeared in the land contract." 383 N.E.2d at 342. In reliance upon *Skendzel*, the court stated that:

"[T]his is neither a case of an abandoning or absconding vendee nor a case wherein a minimal amount has been paid and the security of the property has been endangered by the acts or omissions of the vendee." 383 N.E.2d at 344.

While the record showed that the value of the house had diminished and reflected conflicting evidence as to the purchaser's failure or inability to keep the property insured, the court found that there was nothing to suggest that foreclosure on the property would not have satisfactorily protected the interests of both parties.

■■■ *Morris v. Weigle, supra,* 383 N.E.2d 341, indicates that the second *Skendzel* exception will be met only where the purchaser has paid a minimal amount *and* the vendors' security interest in the property has been endangered. In reviewing the record to determine whether the instant case falls within the second *Skendzel* exception, the court must be mindful of its standard of review upon appeal from summary judgment. Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Sink & Edwards v. Huber, Hunt & Nichols* (1st Dist.1984) Ind.App., 458 N.E.2d 291. In determining whether a genuine issue of material fact exists, the court must, for purposes of summary judgment, accept as true all facts alleged by the nonmoving party, draw all inferences from the facts in favor of the nonmoving party,

and resolve all doubts against the moving party. *Tippecanoe Landfill, Inc. v. Board of County Commissioners of Tippecanoe County* (1st Dist.1983) Ind.App., 455 N.E.2d 971.

■■■ Vendors rely upon *Goff v. Graham* (2d Dist.1974) 159 Ind.App. 324, 306 N.E.2d 758, for the proposition that forfeiture is appropriate in the instant case because the Court of Appeals permitted forfeiture in that case.[5] That case falls within the *Skendzel* exceptions because purchaser paid not only a minimal amount upon the contract, but as well, committed waste upon the property. Even were it otherwise, and if minimal equity payment, standing alone, justified forfeiture, we could not affirm this summary judgment. Whether a particular sum paid toward a particular contract price is minimal depends upon the totality of the circumstances surrounding the contract and its performance. Accordingly it would be improper for the court below under these circumstances to conclude, as a matter of law, that Johnson's payment was so minimal as to make forfeiture the preferable remedy.

■■■ The second *Skendzel* exception requires both minimal payment toward contract price and jeopardy or impairment of vendors' security in the property. Because we are compelled to conclude that the first component is not present as a matter of law, we need not consider the existence of a genuine issue with respect to whether vendors' security was threatened by nonpayment of taxes or otherwise.

■■■ Because of our disposition of this case, it is unnecessary to reach the question presented in Issue 4, *supra* at page 2. If the foreclosure does not net a sufficient amount to satisfy the vendors' remaining security interest in the property, a damage judgment for waste caused by the vendee equivalent to the amount recoverable by a mortgagee as deficiency judgment would be appropriate. Damages awarded upon

---

5. Vendors cite *Finley v. Chain* (1st Dist.1978) 176 Ind.App. 66, 374 N.E.2d 67 and *Donaldson v. Sellmar* (1st Dist.1975) 166 Ind.App. 60, 333 N.E.2d 862 for the same proposition. Those cases, however, were overruled in *Morris v. Weigle, supra,* 383 N.E.2d 341, 345, n. 3.

breach of a land sale contract, in excess of foreclosure, are not otherwise appropriate. *Morris v. Weigle, supra,* 383 N.E.2d 341, 344–345. We reverse and remand for further proceedings not inconsistent herewith.

BUCHANAN, C.J., and SHIELDS, J., concur.