**ALLSTATE INSURANCE COMPANY,**
**Appellant (Defendant Below),**

v.

**Leslie A. MEEK, Appellee**
**(Plaintiff Below).**

No. 2–585A144.

Court of Appeals of Indiana,
Second District.

Feb. 17, 1986.

Dennis N. Owens, Smith, Maley & Douglas, Indianapolis, for appellant.

Gordon Dempsey, Sutherlin & Dempsey, Indianapolis, for appellee.

SHIELDS, Judge.

This is an interlocutory appeal by Allstate Insurance Company from the trial court's denial of its motion for summary judgment in an action brought against it by an insured, Leslie A. Meek. We reverse.

## FACTS

On July 29, 1979, Leslie A. Meek sustained injuries to her person and damage to her car as the result of the collision of her automobile with that of Richard Bruce. On May 22, 1980, Meek filed suit against Bruce seeking compensation for damage to her vehicle, loss of its use, and for her personal injuries. On or about March 9, 1983, Meek settled her suit with Bruce. As a part of the settlement, Meek executed a release which barred any further action by her against Bruce.

At the time of the accident, Meek was insured with Allstate Insurance Company under a comprehensive automobile insurance policy which included collision coverage. The record is unclear as to when, or if, Meek made a claim against Allstate under her policy. However, at some point in time, Allstate apparently denied coverage for loss of use of the vehicle and for towing expenses and refused to pay for damage to the vehicle on the grounds Meek's release prejudiced Allstate's right of subrogation. Meek then brought this suit against Allstate on the insurance contract.

Allstate moved for summary judgment against Meek on the grounds of: (1) no coverage for two items of damage; [1] and (2) the release, as a matter of law, prejudiced Allstate's contractual right of subrogation, and thus released Allstate's contractual obligations. The trial court denied the motion and certified its interlocutory order for appeal. Subsequently, this court accepted jurisdiction of the interlocutory appeal pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(6).

## ISSUE

The issue presented for our review is whether Meek's release prejudiced Allstate's right of subrogation and thus, under the terms of the contract, relieved Allstate of its obligation to pay.

We reverse.

## DISCUSSION

■ Summary judgment is proper where there is no genuine issue as to any material

---

1. In its memorandum supporting the motion for summary judgment, Allstate argues it was entitled to judgment on the claims for loss of use of the vehicle and towing charges because the insurance contract on its face did not cover these items. However, this argument is waived on appeal because Allstate did not brief this issue.

fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C); *Johnson v. Rutoskey* (1984) Ind.App., 472 N.E.2d 620; *In re Marriage of Moser* (1984) Ind.App., 469 N.E.2d 762. The party seeking summary judgment has the burden to establish no material facts are in genuine issue; any doubt as to the existence of a genuine issue must be resolved against the moving party. *McEntire v. Indiana National Bank* (1984) Ind.App., 471 N.E.2d 1216; *Pike County v. State ex rel. Hardin* (1984) Ind.App., 469 N.E.2d 1188.

The contract for insurance between Allstate and Meek contains the following relevant provisions:

"SECTION III

PROTECTION AGAINST LOSS TO THE AUTOMOBILE COVERAGE
DD—Automobile Collision Insurance

Allstate will pay for the loss to the owned automobile or non-owned automobile. . . .

GENERAL CONDITIONS

. . . .

4. Action Against Allstate
   No action shall be against Allstate until after full compliance with all the terms of this policy. . . .
9. Assistance and Cooperation
   The insured shall cooperate with Allstate ... in enforcing any right of contribution or indemnity. . . .
10. Subrogation
    Upon payment under Section I, Section III, or Part 1 of Section IV, Allstate shall be subrogated to the extent of such payment to all of the insured's rights of recovery therefore. The insured shall do whatever is necessary to secure such rights and do nothing before or after the loss to prejudice such rights."

Record at 69, 74, 75.

The policy imposes upon Allstate a duty to pay for damage to Meek's automobile, regardless of whether the insured or a third party causes the damage. However, if a third party causes the damage, the policy contract gives Allstate a right of subrogation after payment to the insured and also imposes a duty upon the insured to refrain from taking any action which prejudices that right. Finally, the insured cannot maintain an action against the insurer if the insured fails to comply with his obligations under the contract.

The undisputed facts reveal Meek executed a full and unconditional release of her rights against the alleged tortfeasor Bruce prior to Allstate's payment on the policy. On these facts Allstate argues Meek's act in releasing Bruce bars any recovery on her policy with Allstate citing *Hockelberg v. Farm Bureau Insurance Company* (1980) Ind.App., 407 N.E.2d 1160 and *Auto Owner's Protective Exchange of Kankakee, Ill. v. Edwards* (1922), 82 Ind. App. 558, 136 N.E. 577. These cases hold an insured's right of action on his policy is destroyed if he releases the tortfeasor prior to receiving payment on his policy. The rationale is that because the insurer possesses only the rights of its insured, the insured's release of the tortfeasor deprives the insurer of its subrogation rights granted by the policy.

Meek, on the other hand, argues Allstate's right of subrogation is not prejudiced by the release because Meek did not receive full compensation for her loss. Meek contends that until the insured receives full compensation any rights of subrogation are not prejudiced by the release. Citing *Capps v. Klebs* (1979) Ind.App., 382 N.E.2d 947, and *Willard v. Automobile Underwriters Inc.* (1980) Ind.App., 407 N.E.2d 1192, Meek asserts a factual dispute exists precluding summary judgment over whether the $35,000 settlement she received from tortfeasor Bruce constitutes payment in full of her loss.

*Capps* and *Willard* hold an insurer's right of action against its own insured to recover payments the insurer has made under its policy does not mature until and unless the insured's debt, *i.e.* loss, is paid in

full. A casual reading of these two cases would seem to contradict, if not overrule, *Hockelberg* and *Edwards*. However, in fact, the cases are critically distinguishable. In *Capps* and *Willard*,[2] the insurer's contractual right of subrogation continued although it was held in abeyance until insured received full compensation. In *Hockelberg* and *Edwards*, the insurer's contractual right of subrogation was destroyed. Thus, the two lines of cases are not in conflict but rather are entirely consistent.

▆▆▆ In summary, an insured who destroys the insurer's contractual subrogation rights breaches the insurance contract and, as a result, extinguishes his right of action on the policy. An insured destroys the insurer's contractual subrogation right by releasing the tortfeasor prior to settling with the insurer because it is that very settlement which enables the insurer to protect its subrogation right by giving notice thereof to the tortfeasor. In this case Meek executed a release prior to settling with Allstate; therefore, as a matter of law,[3] Allstate's right of subrogation was prejudiced, *i.e.*, destroyed, and Meek's right of action on the policy is destroyed.

Judgment reversed and cause remanded with instructions to enter judgment for Allstate.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

2. In *Capps* the insured pursued the tortfeasor through judgment and, accordingly, a release or other conduct of the insured was not an issue. In *Willard* the insurer had given notice to the alleged tortfeasor of its payment to its insured. Therefore, the insurer's right of subrogation was fully protected even though the insured subsequently released the tortfeasor. Indiana courts have held, "if the tortfeasor, with knowledge that the insurer has already made payment to the insured, makes settlement with him and thus obtains a release, it will not be a defense as against the insurer in enforcing its rights as subrogee." *Hockelberg v. Farm Bureau Insurance, supra* at 1161, quoting *American Automobile Fire Insurance Co. v. Spieker* (1933), 97 Ind.App. 533, 187 N.E.2d 355, at 366; *Pittsburg C.C. & St. Louis Ry. Co. v. Home Insurance Co. of New York* (1915), 183 Ind. 355, 108 N.E. 525, 531.

3. It is well established the doctrines of waiver and estoppel extend to any ground upon which liability can be denied by an insurer. *National Mutual Insurance Company v. Fincher* (1981) Ind.App., 428 N.E.2d 1386, 1389–90; *Protective Insurance Company v. Coca-Cola Bottling Company* (1981) Ind.App., 423 N.E.2d 656, 661; *West v. Indiana Insurance Company* (1970), 148 Ind. App. 176, 264 N.E.2d 335, 339. Had Meek given prompt written notice of the loss and Allstate failed to pay the claim within a reasonable time, Meek could assert the affirmative defense of estoppel. *Farm Bureau Mutual Insurance Co. v. Dercach* (1983) Ind.App., 450 N.E.2d 537. However, there was nothing before the trial court which raised an issue concerning the existence of an affirmative defense of estoppel or waiver.